443 So.2d 444 (1984)
FLORIDA STRUCTURES, INC. and American States Insurance Company, Appellants,
v.
Hallie A. MORTON, Appellee.
Nos. AQ-441, AS-458.
District Court of Appeal of Florida, First District.
January 10, 1984.
Michael M. O'Brien of Akerman, Senterfitt & Eidson, Orlando, for appellants.
William H. Yanger, Jr., Tampa, for appellee.
THOMPSON, Judge.
In these consolidated cases the employer/carrier (E/C) appeal a compensation order awarding medical benefits and a subsequent order awarding attorney's fees. The E/C argue the award of medical benefits was barred by the statute of limitations, § 440.13(3)(b), Fla. Stat. (1977). We agree and reverse.
The claimant injured his right thumb in a compensable accident on October 24, 1977. Although the E/C had paid compensation and medical benefits, on November 23, 1977, he filed a general "shotgun" claim for:

*445 Past and future medical care and attention; past and future temporary total and/or partial disability compensation benefits, upon employee reaching maximum medical improvement and/or recovery, permanent partial and/or total disability compensation benefits, all of such benefits payable at the correct average weekly wage; interest; penalties; costs, attorney's fees payable to his counsel, transportation expenses and all other benefits to which employee is entitled.
The record does not reflect that any hearing was held on this claim until May 5, 1979, when a hearing was held on the claim for temporary total disability (TTD) to the date of maximum medical improvement (MMI), which claimant contended he had not yet reached. At the hearing the parties stipulated that the date of MMI was November 17, 1978, and that the sole issue presented for adjudication was claimant's entitlement to TTD benefits from August 7, 1978 through November 17, 1978. The deputy awarded TTD benefits from August 7, 1978 through August 13, 1978.
On May 7, 1979 the E/C applied for a hearing to determine if claimant was entitled to any further benefits other than those they were voluntarily providing. A hearing was set for June 28, 1979, and after being rescheduled several times, was finally held on December 17, 1979. The resulting compensation order reflects that the only claims were for psychiatric treatment, payment of outstanding bills of Dr. Sprehe, Dr. Afield, and Janet Langford, and permanent total disability (PTD) benefits or alternatively permanent partial disability (PPD) benefits in excess of those paid by the E/C. In his March 3, 1980 order the deputy found that the claimant had not demonstrated any loss of wage earning capacity in excess of the physical and psychiatric impairments and denied the claim for further permanent disability in excess of the anatomical rating. He denied the claim for payment of the medical bill of Dr. Afield but authorized the payment of the medical bills of Dr. Sprehe and Janet Langford. He also denied the claim for future psychiatric treatment. Jurisdiction was reserved only for the determination of a reasonable attorney's fee and proper taxable costs.
In an August 6, 1982 letter the E/C informed claimant's attorney that it appeared the statute of limitations had run on the claim and that the file was being closed. On August 16, 1982 claimant's attorney requested further medical treatment. On August 24, claimant made application for hearing on his claim for continued medical treatment. The E/C denied the claim for additional medical treatment on August 26, 1982, based on their belief that the statute of limitations had expired. A hearing was held on this claim on December 14, 1982. Based on the following reasons the deputy found that the statute of limitations did not preclude the claim for continued medical treatment:
(a) The claim for medical treatment was extant on the original claim for future medical treatment, and so long as the claim for future medical treatment was not adjudicated, the claim for medical treatment continued, and claimant was entitled to future medical care.
(b) That claimant was entitled to continued palliative care based on claimant's continuing complaints of pain.
This finding is not tenable under the facts of this case. The only claims made at the December 17, 1979 hearing were for future psychiatric medical treatment, payment of outstanding medical bills, and PTD or alternatively PPD benefits in excess of those paid by the E/C. The deputy denied the future medical treatment and did not reserve jurisdiction to determine anything other than a reasonable attorney's fee and costs. A claim for future medical expense could not have been in existence when the August 24, 1982 application for hearing was filed, because the claim had been previously resolved and denied by another deputy. The filing of a "shotgun" claim, shortly after the injury, for every benefit to which the claimant might be entitled as a result of his injury does not and cannot toll the running of the *446 statute of limitations on all benefits enumerated in the claim. The claimant in this case reached MMI on November 17, 1978, which is the date after which recovery or lasting improvement can no longer reasonably be anticipated and the date after which remedial care ceases absent a change in condition. Concurrent findings of maximum medical improvement and the necessity of continuing remedial medical care are erroneous as a matter of law. See Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982). Accordingly, the award of future medical benefits in this case is contrary to both the law and the facts and was reversible error.
The last remedial attention was furnished and the last compensation benefits were paid to the claimant on or before March 19, 1980. Pursuant to § 440.13(3)(b), Fla. Stat. (1977):
All rights for remedial attention under this section shall be barred unless a claim therefor is filed with the division within 2 years after the time of injury, except that if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer; and all rights for remedial attention under this section pursuant to the terms of an award shall be barred unless a further claim therefor is filed with the division within 2 years after the entry of such award, except that if payment of compensation has been made or remedial attention has been furnished by the employer under the terms of the award a further claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer.
No claim for future medical treatment was filed in this case within two years after the date of the last payment of compensation or within two years after the date the last remedial attention was furnished. The deputy therefore erred in finding the claim was not barred by the statute of limitations.
The order awarding medical benefits is reversed. Accordingly, the order awarding attorney's fees is also reversed.
NIMMONS, J., concurs.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Judge, dissenting.
I respectfully dissent. As the majority notes, Morton, who was injured on the job on October 24, 1977, filed a claim on November 23, 1977, seeking, among other benefits, "future medical care and attention." (e.s.) He later sought a determination of his entitlement to psychiatric examination and treatment. In each request for a hearing on those claims, Morton requested reservation of jurisdiction over any and all issues not specifically raised or decided at such hearings. An order was not entered on Morton's initial claim until May 10, 1979, at which time only the issue of his entitlement to temporary total disability benefits was determined. In that order the deputy expressly reserved jurisdiction to determine "what other benefits, if any, claimant is entitled to... ." (e.s.) The record discloses that a second order was entered on March 3, 1980, denying Morton's request for psychiatric treatment but not, as the majority suggests, considering or denying his prior claim for future medical treatment.
The record also reveals that although Morton, a carpenter by trade, reached maximum medical improvement on November 17, 1978, he continued to experience pain, numbness and atrophy of his injured right thumb and hand. On December 4, 1980, and again on April 20, 1982, he returned to his authorized physician in the hope of obtaining relief. On both occasions, the doctor examined and x-rayed Morton's hand to determine if it was properly healing after surgery. The physician attempted to reassure Morton regarding his condition, to encourage use of the hand and to prescribe *447 exercises for Morton to perform at home. Charges for both visits were paid for by the carrier without objection.
When Morton was notified, in August of 1982, that the carrier considered the statute of limitations to have expired on his claim, he sought authorization for further medical care for his continuing pain and discomfort. Upon the denial of that request, Morton applied for a hearing to determine his entitlement to such future medical treatment. The deputy found that Morton was entitled to continuing palliative care,[1] and concluded that his claim for such care was not barred by the statute of limitations as it was "extant on the original claim for future medical treatment" of November 23, 1977.
I am unable to agree with the majority's conclusion that the deputy's findings are erroneous. Morton's original claim sought future medical benefits. Because the issue of entitlement to such benefits was not ripe for adjudication at the time of the prior hearings in this case, and was neither withdrawn, dismissed, nor resolved at any time prior to the hearing of March 3, 1983, the doctrine of res judicata clearly does not, as the e/c suggests, bar consideration of that issue once the need for future treatment was determined. "Once a claim is filed, it stays pending until withdrawn by claimant, or acted upon, or dismissed upon motion of either the Commission or the employer... . `Passage of time does not itself terminate the pendency of a proceeding.'" Turner v. Keller Kitchen Cabinets, 247 So.2d 35, 40 (Fla. 1971). In my view, the deputy was correct in finding the claim for future medical benefits to be still in effect.
Neither can I agree that the statute of limitations provisions of section 440.13(3)(b), Florida Statutes, apply to require reversal of this case. Morton clearly met the threshold limitational requirement by filing a claim within two years of his injury. As a timely claim for future medical benefits was still pending, I consider it illogical to expect Morton to file a second claim for future medical benefits within two years of either the last payment of compensation or his receipt of remedial attention. Such a tortured interpretation of section 440.13(3)(b) is clearly contrary to general rules of construction applicable in workers' compensation cases which call for liberal construction of such statutes in favor of claimants and compensation. See Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981); Topeka Inn Management v. Pate, 414 So.2d 1184 (Fla. 1st DCA 1982); Hardaway Construction Co. v. Brooks, 416 So.2d 837 (Fla. 1st DCA 1982). In our construction of Chapter 440, we are generally guided by the "most favorable remedy" doctrine, which requires that "`where the Act is susceptible of disparate interpretations, the court will adopt the construction which is most favorable to the employee.'" Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177, 1178 (Fla. 1980), citing, Henderson v. Sol Walker & Company, 138 So.2d 323, 327 (Fla. 1962). Finally, and most important, we should not place a construction on sections of Chapter 440 that exalt form over substance, "particularly where the result is to deprive the worker of needed medical care." Mahoney v. Sears, Roebuck & Company, 438 So.2d 174 (Fla. 1st DCA 1983).
Had Morton not, in his original claim, sought future medical benefits, I would agree that we would be constrained to find the statute of limitations had barred his request for such benefits in August of 1982. Because his timely claim remained pending and unresolved, however, the deputy correctly found that claim to be extant *448 on the original claim. A second claim was therefore unnecessary to satisfy the limitational requirements of section 440.13. I would affirm the deputy's award of benefits and would also affirm the award of $2,000.00 in attorney's fees, which is the subject of the consolidated appeal.
NOTES
[1] The majority correctly notes that an award of remedial care subsequent to a finding of maximum medical improvement is erroneous as a matter of law. Florida, however, is among the substantial majority of jurisdictions which recognize that the provision of palliative care to prevent and ease pain and discomfort is proper after the claimant has reached his maximum level of improvement. See 2 Larson, The Law of Workmen's Compensation, § 61.14 (1982); DiGiorgio Fruit Corporation v. Pittman, 49 So.2d 600 (Fla. 1950); Johnson Electric Company v. Provenzano, 415 So.2d 745 (Fla. 1st DCA 1982). The deputy's award of "continued palliative care" was therefore not erroneous.