500 So.2d 703 (1987)
Raymond STRACK, Appellant,
v.
EXECUTIVE MOTORS, INC. and American Hardware Mutual Insurance Company, Appellees.
No. BL-12.
District Court of Appeal of Florida, First District.
January 6, 1987.
Samuel Sheradsky of Samuel Sheradsky, P.A., Miami, for appellant.
John F. McMath, Miami, for appellees.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order which barred appellant's claim on the basis of the statute of limitations provisions of Sections 440.15(3)(b), 440.185(10), and 440.20(4), Florida Statutes. We reverse.
On October 1, 1981, an order was entered by the Deputy Commissioner Rosemary Usher Jones finding appellant permanently partially disabled and awarding wage-loss benefits. On December 29, 1981, another claim for wage-loss benefits was filed, and hearings were held before Deputy Commissioner Jones on July 19 and 21, 1982. However, no final order was ever entered on that claim.
On October 11, 1984, appellant filed for wage-loss benefits from November 1, 1981 to the present. The claim was controverted on several grounds, including the statute of limitations. At the hearing on September 4, 1985, a new deputy commissioner stated that the transcripts and/or tapes of the hearings before Deputy Commissioner Jones relative to the December 29, 1981 claim could not be located. Without further reference to that claim and its unresolved *704 status, an order was entered on January 3, 1986, barring appellant's latest claim (October 11, 1984) on the basis of the statute of limitations provision of Sections 440.15(3)(b), 440.185(10), and 440.20(4), Florida Statutes.
We find error in the deputy's failure to address the claim pending since December 29, 1981, and in the dismissal of the October 11, 1984 claim. Once a claim is filed, it remains pending until withdrawn by claimant or acted upon by motion of either the Commission or the employer; the passage of time does not in and of itself terminate the pendency of a proceeding. Turner v. Keller Kitchen Cabinets, Southern, Inc., 247 So.2d 35, 40 (Fla. 1971).
We find the December 29, 1981 claim to remain pending, and we remand to the Commission for resolution of that claim. Additionally, we find the order to be premature as it relates to the October 11, 1984 claim, and vacate it without prejudice.
REVERSED and REMANDED.
BOOTH, C.J., and MILLS and WENTWORTH, JJ., concur.