MILLS, Judge.
James Bednarik appeals from the denial by the deputy commissioner of his claim for attorney’s fees pursuant to Section 440.30, Florida Statutes. We reverse.
On 21 June 1983, Bednarik filed a claim for benefits based on a 1981 accident. The claim sought temporary total or temporary partial benefits from 2 May 1983 to maximum medical improvement (MMI) as determined, wage-loss after MMI, a change of physician, rehabilitation benefits, bad faith attorney's fees and “both past and continuing benefits in any benefit category which is in default at the time of the filing of the claim in this matter.”
A hearing was set on this claim for 20 December 1983. On 12 March 1984, the parties filed a “stipulation for cancellation of hearing” requesting that the 20 December hearing be cancelled “inasmuch as the matters scheduled to be heard at that time have been resolved by the parties”. The deputy entered her order on 21 March 1984, stating that “based on the foregoing stipulation, the hearing is hereby can-celled.”
On 27 March 1984, Bednarik filed a claim for additional TTD or TPD benefits from 28 April 1983 to 30 November 1983, bad faith fees, and “both past and continuing benefits in any benefit category which is in default at the time of the filing of the claim in this matter.” A hearing was set for 24 September 1984, but a second stipulation for cancellation of hearing was filed on 30 September. It requested cancellation “as all issues have been amicably resolved between the parties” (emphasis supplied). The deputy entered her order on 3 October 1984 cancelling the hearing “as all issues have been amicably resolved by the parties.”
In December 1985 and January 1986, the E/C noticed and held depositions of Bed-narik’s physician and Bednarik, respectively. Bednarik’s attorney attended on his behalf. Based on this attendance, the claim for the fee pursuant to § 440.30 was filed (if no claim has been filed, then the carrier or employer taking a deposition shall pay the claimant’s attorney a reasonable attorney’s fee for attending such deposition). Hearings on the claim were held on 25 June and 1 July 1987, consisting primarily of legal arguments by counsel as to the pendency or not of the 1983 and 1984 claims. Testimony was received from the E/C’s worker’s compensation adjuster that TTD benefits were paid Bednarik from 3 October 1984 (the date on which the order accepting the stipulation of cancellation was entered) through December 1985 and that wage-loss benefits were paid January through March 1986.
The deputy denied the claim for fees. She found that, despite the stipulations for cancellation averring that the claimed issues had been resolved between the parties, because the stipulations did not with *253 draw their respective claims, nor were the claims withdrawn by separate formal pleading, both claims remained pending at the tíme of the deposition, barring the award of fees under § 440.30.
Rule 4.110, Fla.W.C.R., permits the deputy to cancel a hearing on the motion of a party if he finds the cancellation is for good cause which has not resulted from lack of diligence in the prosecution of the claim. Here, the deputy entered orders cancelling scheduled hearings on two claims, specifically based on stipulations by both parties that the issues that were to have been litigated in those hearings had “been amicably resolved by the parties.”
It is true that a claim remains pending until it is “withdrawn” by the claimant, with the passage of time in and of itself irrelevant to that pendency. Struck v. Executive Motors, Inc., 500 So.2d 703, 704 (Fla. 1st DCA 1987) citing Turner v. Keller Kitchen Cabinets, 247 So.2d 35, 40 (Fla.1971). Neither the deputy nor the parties cite, nor do the rules contain, authority for the proposition that “withdrawal” of a claim requires formal use of that word. Here, the claimant made certain claims, which he swore to the deputy prior to hearing had been resolved. Matters then proceeded, with the E/C voluntarily paying the benefits which had been sought (TTD and wage-loss) from the date of the final cancellation order (3 October 1984) until after the subject depositions had been notified and held by the E/C in December 1985 and January 1986.
We therefore find that there is no competent substantial evidence in this record to support the deputy’s conclusion that the 1983 and 1984 claims were pending at the time of these depositions so as to bar the fee sought pursuant to Section 440.30. The order is reversed and the case remanded so that the fee may be awarded and the amount set.
SHIVERS and WIGGINTON, JJ., concur.