573 So.2d 154 (1991)
JOHN RINGLING TOWERS and Security Insurance Group, Appellant,
v.
Marcia Jean KLEIN, Appellee.
No. 89-926.
District Court of Appeal of Florida, First District.
January 15, 1991.
Victoria H. Pflug, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Michael J. Meksraitis, Chartered, Tampa, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a March 16, 1989 workers' compensation order determining that the parties' stipulation and settlement does not bar a claim for medical care, and awarding such benefits. We affirm.
The judge found that claims filed in 1983 and 1984, which were neither dismissed nor adjudicated, remained pending. Employer/carrier do not dispute this ruling, acknowledging that it is in accordance with decisions such as Strack v. Executive Motors Inc., 500 So.2d 703 (Fla. 1st DCA 1987), and Turner v. Keller Kitchen Cabinets, Southern Inc., 247 So.2d 35 (Fla. 1971). Employer/carrier do contest the judge's further finding that the pending claims "are the subject matter of this proceeding," and the apparent conclusion that the limitations period thus remains open as to the benefits awarded upon that claim. Employer/carrier contend that this is an impermissible extension of the limitations period to a new claim, and cite Florida Structures Inc. v. Morton, 443 So.2d 444 (Fla. 1st DCA 1984). In Morton this court indicated that a general "shotgun" claim, which was filed shortly after the injury and which sought every benefit available under chapter 440, and which resulted in merits orders as to limited issues, does not toll the limitations period as to all subsequent benefits. But the present case does not involve these circumstances, as claimant did not file a mere shotgun claim, and no merits orders were entered. Claimant's 1983 and 1984 claims expressly requested payment for prosthetic devices and medical care related to the amputation site. The present request, which was apparently made by application for hearing rather *155 than the filing of a new claim, likewise seeks such medical care and a prosthetic device. Even though this is a later point in time, and the device now sought may be a replacement for the earlier devices, it is nevertheless the same benefit for which claims were pending. Since the earlier claims were neither formally resolved nor dismissed, the judge properly determined that the statute of limitations remained open as to claimant's request for medical care related to the amputation site and a prosthetic device, and the award of such benefits upon that claim was not foreclosed.
Our foregoing conclusion moots an issue raised as to confusion in the order as to alleged waiver of the stipulation, since any error in this respect would be harmless in view of the pending claims.
Affirmed.
JOANOS and ALLEN, JJ., concur.