ZEHMER, Judge.
The claimant, Mosco Gilman, appeals an order entered in this workers’ compensation case that dismissed his claim for an increase in average weekly wage and attorneys’ fees. The motion was granted in part pursuant to rule 4.110(b), Florida Workers’ Compensation Rules, for failure to timely prosecute the claim for attorneys’ fees in respect to past benefits obtained under a Stipulation and Order of December 1, 1983.[1] We reverse because sufficient activity to advance the claim occurred before the motion to dismiss was filed.
The claimant was injured on August 8, 1978, and eventually filed a claim for workers’ compensation benefits and application for hearing “to determine if additional medical attention is necessary; determination of proper compensation rate; determination of the period when temporary total benefits applied; determination of when permanent partial disability applied, if at all; determination of whether or not Claimant is permanently totally disabled; penalties, interest, costs and attorneys’ fees, and production of documents.” A hearing was set and thereafter canceled pursuant to a Joint Stipulation and Order agreed to by the claimant and the employer and carrier, and thereafter approved by the judge of compensation claims on December 1, 1983. The December 1, 1983, stipulation and order purported to resolve all issues ripe for determination at that time except for attorneys’ fees, and jurisdiction was reserved to determine this issue at a later date. Compensation benefits were thereafter paid pursuant to the stipulation and order.
On July 1, 1987, the claimant filed an amended claim for benefits, seeking an increased adjustment to the average weekly wage by adding group insurance values and pension contribution, penalty, interest, attorneys’ fees, and costs. The claimant also filed an application for hearing with the amended claim and sent a notice to produce to the employer and carrier on this *593 date. These documents were filed with the deputy commissioner.
The following activity took place after the filing of the amended claim. A letter dated July 2, 1987, was sent by the claimant’s attorney to the attorney for the employer and carrier in which the issues regarding the AWW adjustment and attorneys’ fees due for obtaining benefits under the 1983 Joint Stipulation and Order were discussed. Again, on July 15, 1987, the claimant’s attorney wrote to the attorney for the employer and carrier complaining that information previously requested had not been furnished as yet. On August 5, 1987, the claimant’s attorney served the employer and carrier with a motion to compel production of the documents requested in the notice served on July 1. Letters similar to the August 5 letter were sent on August 21 and September 28, 1987.
On November 10,1987, the employer and carrier responded to the claimant’s motion to compel production by letter to the claimant’s attorney. The letter set forth certain information regarding AWW and the social security offset being taken and forwarded certain documents described therein. The letter also refers to the attorneys’ agreement to cancel the hearing on the motion set for that date. Accordingly, on November 25, 1987, claimant’s attorney wrote the employer and carrier’s attorney as follows:
Please recall we cancelled the November 10, 1987, motion to compel hearing, and we are in receipt of your November 10, 1987, letter and items requested in our motion to compel.
Items no. 2 and 3 of the July 1, 1987, notice to produce were not forwarded.
The SSA forms do not include the initial entitlement amount nor average current earnings figure necessary to calculate the offset.
We await this information within ten days to avoid time before the Deputy Commissioner. Additionally, please respond to our several requests regarding entitlement of attorney’s fees for past benefits.
The next letter in the record, chronologically, is dated February 10, 1988, from the claimant’s attorney to the employer and carrier’s attorney asking him to disregard a prior letter of January 11, 1988, regarding certain information on AWW and social security benefits that had since been received. This letter also asked for additional information in respect thereto.
On May 13,1988, the deputy commissioner sent out a notice to all parties setting this cause for hearing on October 21, 1988. The notice described the “subject of the hearing” as “(1) Average weekly wage rate increase to include group insurance values and pension contribution; (2) Penalty and interest, and (3) Attorney’s fees and costs.”
On June 2, 1988, the employer and carrier’s attorney replied to the February 10 letter from the claimant’s attorney in part as follows:
With reference to your letter dated February 10, 1988 as to whether the AWW/CR should be amended, I cannot agree based upon my client’s motion to Dismiss a copy of which is attached and should be self-explanatory.
However, I can agree on the following amounts should the Deputy Commissioner rule that an amendment is appropriate. ...
******
It is my client’s position that PTD benefits were timely accepted so that no attorney’s fee is due on these benefits. Please submit a demand to settle attorney’s fees on benefits obtained in the 12/1/83 Stipulation and Order.
The motion to dismiss so referred to was filed with the deputy commissioner by letter dated June 7, 1988.
The employer and carrier’s motion to dismiss alleged two grounds for dismissal. It sought dismissal of the amended claim to adjust AWW on grounds that such matter had been finally adjudicated in the December 1983 stipulation and order and could not now be reopened. Regarding attorneys’ fees, the motion alleged that “Any claim for attorneys’ fees and costs should be barred by Rule 11(b), W.C.R.P. and the employer/carrier moves for dismissal. See *594 Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1 DCA 1984) (copy attached).”[2]
At the hearing no testimony was presented and the case was considered on the tendered documentary evidence described above and argument by the attorneys. The deputy commissioner entered an order granting the motion to dismiss on both grounds, reciting in pertinent part:
Claimant further argues that a claim for attorney’s fees pertaining to the Joint Stipulation and Order dated December 1, 1983, should not be dismissed for lack of prosecution under current Rule 4.110 W.C.R.P. [prior Rule 11(b) W.C.R.P.] since the amended claim for benefits dated July 1, 1987 including a claim for “attorney’s fees and costs” was filed pri- or to the Motion to Dismiss. Counsel for the claimant at the hearing related that any attorney’s fee claim on prior benefits pertained only to benefits addressed in the Joint Stipulation and Order dated December 1, 1983 (which reserved jurisdiction on attorney’s fees) although this was certainly not clear from any of the claims for benefits. Claimant cites numerous cases for the proposition that there is essentially a “race to the court house,” that is, any record activity prior to the filing of a Motion to Dismiss for lack of prosecution will defeat said Motion. However, reliance upon these cases is misplaced. Section 440.19(l)(d) Fla.Stat. requires that all claims be made with specificity including all claims for attorney’s fees. From the date of the Joint Stipulation and Order December 1, 1983 until the filing of the Motion to Dismiss dated June 3, 1988, no claim or application for hearing was ever filed specifically requesting an attorney’s fee on benefits covered by the Joint Stipulation and Order, certainly not with the requisite specificity to put the parties on notice that a fee was being claimed specifically against benefits relating to that Joint Stipulation and Order. Presumably, the claim dated July 1, 1987 including attorney’s fees would therefore relate to any attorney’s fees that might attach to benefits otherwise covered in that claim. Clearly, therefore, any prior claims for attorney’s fees were subject to dismissal notwithstanding the fact that other benefits were continuing to be paid. See Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1 DCA 1984). Therefore, the employer/carrier’s Motion to Dismiss for lack of prosecution of any attorney’s fees relating to the Joint Stipulation and Order dated December 1, 1983 is also well taken.
Based on these findings of fact and conclusions of law, the deputy commissioner dismissed “the pending claims in this matter including the issues of average weekly wage increase ..., penalties, interest, attorney’s fees and costs.... ”
The critical finding on which the dismissal is based is the recital that the amended claim and application for hearing filed in July 1987 did not expressly request "attorney’s fees on benefits covered by Joint Stipulation and Order, certainly not with the requisite specificity to put the parties on notice that a fee was being claimed specifically against benefits relating to that Joint Stipulation and Order.” The order errs in so concluding for at least two reasons.
First, section 440.19(l)(d), Florida Statutes (1987), the provision cited and relied on in the order, requires that the order “state with particularity why the claim is not in compliance” with section 440.19 and mandates that leave to amend will be *595 granted whenever the claim is found to be insufficient under its provisions:
When any claim is dismissed pursuant to this subsection, the claimant shall be allowed 60 days from the date of the order of dismissal in which to file an amended claim regardless of any other limitation in this chapter.
This provision ensures that whenever a claim is ruled ambiguous or insufficient due to lack of specificity, the claimant must be given leave to amend the claim to cure the specified deficiency, and that no time limitation found anywhere else in the workers’ compensation law can be applied during the time allowed for amendment to bar further prosecution of the claim.
Second, we are compelled to conclude, based on the documentary evidence received at the hearing, that the amended claim and application for hearing did intend to include attorneys’ fees due on account of the benefits obtained under the 1983 Joint Stipulation and Order. The deputy commissioner, in reaching the conclusion that the claim for “attorneys’ fees” in the amended claim did not encompass past fees in relation to such benefits, undoubtedly overlooked this documentary evidence, which clearly proved without dispute that the claim and application for hearing contemplated the pending claim for attorneys’ fees in connection with the 1983 order. The claimant’s attorney’s letter of July 2, 1987, notified the employer and carrier’s attorney that the claim they had previously discussed in late June had been filed and specifically advised:
Mike, your client can fight again for years on the fee entitlement but my review of Mr. Tooker’s file convinces me that the only issue is the amount of the fee. The fee is due on the permanent total disability, the temporary total disability paid under the stipulation and the many medical bills, plus the net worth of the psychiatric care. What I’m saying is that there appears to be substantial fees owed. Will you let me know within five days of this letter whether your client wants to try the entitlement or whether they will agree to entitlement and then we just can fight over the amount of the fee.
Further, the employer and carrier’s attorney’s letter of June 2, 1988, transmitting the motion to dismiss to the claimant’s attorney asked the latter to “Please submit a demand to settle attorney’s fees on benefits obtained in the 12/1/83 Stipulation and Order.” Finally, even if we were to agree that the claim for attorneys’ fees in the claim and application for hearing was ambiguous and lacking in the requisite specificity, there is no competent substantial evidence in the record to support the deputy commissioner’s decision to construe the attorneys’ fee claim as not including past benefits. On the contrary, that construction of the claim and application for hearing is directly contrary to the evidence received at the hearing.
As early as 1981 this court held that the filing of an application for hearing prior to the filing of a motion to dismiss under the cited rule precludes dismissal for lack of prosecution. Kinsey v. Skyline Corp., 395 So.2d 626 (Fla. 1st DCA 1981). Because the amended claim and application for hearing in this case, and other non-record activity now shown in the record before us, compel the conclusion that the claim and application must be construed as including the issue of attorneys’ fees arising out of the past benefits, the rule in Kinsey is decisive of the issue on appeal. E.g. Blue v. Malone & Hyde, 575 So.2d 292 (Fla. 1st DCA 1991).
The deputy commissioner erred in relying on Jerry Chapman, Inc. v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984). In that case, no activity apart from the routine payment of compensation benefits had taken place for the specified period, either on or off the record, in respect to the pending claim for attorneys’ fees. The circumstances recited in that opinion are clearly distinguishable from the instant case for the simple reason that an amended claim or application for hearing had been filed in this case and extensive non-record activity had taken place well before the filing of the employer and carrier’s motion to dismiss.
*596 Furthermore, we reject as wholly without merit the employer and carrier’s argument that even if the amended claim and application for hearing filed in 1987 included attorneys’ fees arising out of the 1983 Stipulation and Order, nevertheless that claim was barred by the two-year statute of limitation. This ground was not relied on in the appealed order, and even if it had been, this ground is completely without merit because the claim for attorneys’ fees reserved in the 1983 order was still pending and had not been dismissed. John Ringling Towers v. Security Insurance Group, 573 So.2d 154 (Fla. 1st DCA 1991).
The order dismissing the claim for attorneys’ fees and this cause is remanded with directions to adjudicate the claimant’s right to attorneys’ fees in respect to benefits obtained under the 1983 Joint Stipulation and Order.
REVERSED AND REMANDED.
ERVIN and NIMMONS, JJ., concur.

. The ruling in the order dismissing the average weekly wage claim on grounds of res judicata has not been appealed. We intimate no view on that ruling.

. The rule relied on provided in pertinent part:
(b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.
Rule 11(b) has been amended and renumbered as rule 4.110(b).