928 So.2d 515 (2006)
Pascual VILLAZANO, Appellant,
v.
HORACE BELL HONEY CO. and Ameritrust, Appellee.
No. 1D05-2311.
District Court of Appeal of Florida, First District.
May 11, 2006.
Mark L. Zientz and Andrea Cox, of the Law Offices of Mark L. Zientz, P.A., Miami, for appellant.
Janelle G. Koren and Ben H. Cristal, of Sponsler, Bennett, Jacobs & Cristal, P.A., Tampa, for appellee.
*516 PER CURIAM.
The appellant, Pascual Villazano, seeks review of an order of the Judge of Compensation Claims (JCC) dismissing his verified petition for attorney fees. We reverse and remand for further proceedings.
Appellant filed several petitions for benefits. The parties eventually resolved all of the claims. The parties then advised the JCC's office that there was no need for a final hearing, but reserved on the issue of attorney fee entitlement. The JCC served Notices of Administrative Closure of Case, which indicated the case would be administratively closed unless a verified petition for attorney fees was filed within 45 days. The notices also advised that all pending petitions for benefits would be subject to dismissal without a hearing unless a party filed an objection.
On October 29, 2004, the JCC entered an order closing the file. In the order, the JCC noted that all of the issues between the parties, other than attorney fee entitlement, had been resolved. Accordingly, the JCC dismissed all of the petitions for benefits pending prior to February 3, 2004. The order also provided:
The Court reserves jurisdiction for attorney's fees and costs for a period of thirty(30) days. If a verified petition for attorney fees and costs is not filed in this office within thirty (30) days from the date of this order ALL attorney's fees and costs on these closed/resolved petitions will be dismissed and forever barred by operation of this order.
Appellant filed his verified petition for attorney fees on March 2, 2005. The employer/carrier filed a motion to dismiss the verified petition with prejudice. The employer/carrier alleged the petition had to be dismissed because it was not timely filed within the dictates of the October 29, 2004, order. After a hearing was held on the motion to dismiss, the JCC granted the employer/carrier's motion and dismissed the petition with prejudice. The JCC reasoned that because the October 29, 2004, order was not appealed within 30 days, he was without jurisdiction to modify the earlier order.
The portion of the October 29, 2004, order relating to attorney's fees was not final. City of Hollywood v. Lombardi, 738 So.2d 491 (Fla. 1st DCA 1999), approved in part, quashed in part, 770 So.2d 1196 (Fla.2000); Southeast Recycling v. Cottongim, 728 So.2d 342 (Fla. 1st DCA 1999).
Appellant correctly asserts that the JCC did not have authority, pursuant to either statute or rule, to set a time limitation for filing the verified petition for fees. Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999) ("A JCC has no authority or jurisdiction beyond what is specifically conferred by statute."); McFadden v. Hardrives Constr., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA), review denied 583 So.2d 1035 (Fla.1991) ("Unlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440.") The employer/carrier's argument that the JCC had authority to set such a time limitation pursuant to section 440.33(1), Florida Statutes, is not persuasive. We do not address the employer/carrier's assertion that the JCC had authority to dismiss the petition as a sanction pursuant to section 440.33(2), Florida Statutes, because the JCC did not dismiss the petition on this basis.
We reverse the order on appeal and remand for further proceedings.
BARFIELD, BROWNING, and THOMAS, JJ., concur.