PADOVANO, J.
This is an appeal from a final order denying a motion for an attorney’s fee in a workers’ compensation case. Because the lawyer seeking to recover the fee did not prove that the benefits obtained by the claimant were secured as a result of the legal services he provided, we conclude that the motion was properly denied and we therefore affirm.
Richard E. Zaldivar, the claimant’s original lawyer,[1] sought to recover an attorney’s fee in the amount of $14,000, based on the statutory percentage of the benefits the claimant obtained. The employer and its carrier agreed to the fee, but the stipulation submitted by the parties on October 23, 2007, did not contain the information required for approval by the judge of compensation claims. The judge sent the parties a memorandum on November 2, 2007, stating that there was no indication from the pleadings or the docket file that all of the benefits were secured through counsel’s efforts. In the memorandum, the judge directed Mr. Zaldivar to submit further documentation in support of the motion for fees, or in the alternative, to schedule the matter for hearing.
Mr. Zaldivar did not provide the information requested or otherwise respond to the memorandum. Consequently, the judge entered an order on December 4, 2007, directing him to schedule a telephone hearing to consider the motion for fees. Prior to the hearing, counsel was to furnish “certain time records and [an] affidavit showing what benefits, if any, [he] obtained ... other than the mere assertions that he was instrumental in securing a large settlement.” The hearing was held on December 19, 2007, but Mr. Zaldivar failed to comply with the judge’s direction.
The judge did not deny the motion for fees at that time. Instead, he entered yet another order on December 28, 2007, explaining that he could not approve the stipulation without some evidence that the requested fees were based on benefits obtained for the claimant. This order held the motion in abeyance, presumably until the judge could obtain the information he had been requesting.
No information was provided after the December 28, 2007, order, but the judge kept the matter open until February 28, 2008, when he entered a final order denying the motion for an attorney’s fee. This is the order that is the subject of the present appeal. The order recites the history of the proceedings on the motion for an attorney’s fee and the judge’s efforts to obtain the documentation he deemed necessary for approval of the fee. The order *399 concludes with a finding that there is no evidence that any of the benefits were obtained for the claimant through the efforts of counsel, thus there had been no showing that counsel was instrumental in helping to secure the settlement.
On appeal to this court, Mr. Zaldivar argues that the judge should not have denied the motion for attorney’s fees without setting a fixed time limit for providing the necessary documents. We reject this argument. It would have been clear to any lawyer that the documentation was to be presented immediately. The judge requested the information on three occasions and ultimately allowed more than three months to provide it. The fact that the judge kept the matter open for an unspecified period of time after the December 19, 2007 hearing, actually worked to Mr. Zal-divar’s advantage. The hearing was identified as a hearing on the motion for an attorney’s fee, and it was clear that the documents were to be filed prior to the hearing. The judge could have denied the motion at the close of the hearing on the ground that it was unsupported by the evidence. We do not believe that he violated Mr. Zaldivar’s rights by allowing him a little more time.
Another argument for reversal is that a judge of compensation claims lacks authority to set a time limit for filing a motion for attorney’s fees. This argument appears to conflict with the claim that the trial court erred by failing to set a fixed time limit for submitting the requested documentation. In any event, the argument must fail, because the judge did not set a time limit for filing the motion for an attorney’s fee. All he did was require evidence on the motion once it was filed.
Attorney Zaldivar relies on Villazano v. Horace Bell Honey Co., 928 So.2d 515 (Fla. 1st DCA 2006), but the holding in that case does not compel a reversal here. We held in Villazano that a judge of compensation claims has no authority to set a thirty-day time limit to file a motion for attorney’s fees. See also Gillislee v. FPL, 929 So.2d 716 (Fla. 1st DCA 2006). The right to an attorney’s fee is a substantive matter that is controlled by statute, and the applicable statute does not limit the time for recovery. See § 440.34, Fla. Stat. (2002).[2] In Villazano, the judge had no issue before him when he imposed a thirty-day time limit on the filing of the motion for fees. In contrast, attorney Zaldivar invoked the jurisdiction of the court in this case by filing the motion for an attorney’s fee. The judge had both a right and a duty to ensure that Mr. Zaldivar was entitled to a fee under the statute before granting the motion.
Section 440.33(1), Florida Statutes (2002) provides that, when a matter is properly before a judge of compensation claims, the judge has authority to “do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of her or his office.” Here, the motion was properly before the court and it was considered on the merits. The judge did not bar relief based on a rule of his own making. All he did was require the moving party to establish the factual basis for his motion.
Although the parties in this case stipulated to the fee, the judge had an independent obligation to ensure that it was, in fact, based on benefits secured by the claimant’s lawyer. Section 440.34(2), Florida Statutes (2002) requires a judge of compensation claims, when awarding an *400 attorney’s fee, to consider only the benefits the attorney is responsible for obtaining. Additionally, this statute requires the judge to state in the order awarding the fee the “amount, statutory basis, and type of benefits obtained.” The judge could not have complied with his obligations under this statute without the documentation he repeatedly asked counsel to provide.
For these reasons, we conclude that the judge had authority to require counsel to submit evidence in support of the motion for an attorney’s fee and that the judge correctly denied the motion on the ground that the evidence had not been presented.
Affirmed.
ALLEN, J., concurs.
BROWNING, J., dissents with written opinion.

. Attorney Zaldivar was replaced by attorney Jason Barnett before the case was completed in the lower tribunal.

. The accident occurred on March 30, 2003, so the case is governed by the 2002 version of the Workers’ Compensation Law.