WEBSTER, J.
 

 In this workers’ compensation case, claimant seeks review of a final order dismissing his petition for benefits filed on February 15, 2007, as time-barred pursuant to section 440.19, Florida Statutes (2003). Because we conclude that the judge of compensation claims erred as a matter of law in dismissing the petition as time-barred, we reverse.
 

 The pertinent facts are undisputed. Hence, the issue is one purely of law, subject to de novo review.
 
 See McBride v. Pratt & Whitney,
 
 909 So.2d 386, 387 (Fla. 1st DCA 2005).
 

 It is undisputed that the petition for benefits was timely filed. While not entirely clear from the final order, it appears that the decision was based on the conclusion that the petition had been pending for too long—i.e., that it should have been resolved at some earlier time. This was error.
 

 A properly drafted petition for benefits tolls the statute of limitations as long as it remains pending.
 
 See
 
 § 440.19(3), Fla. Stat. (2003).
 
 Accord Rice v. Reedy Creek Improvement Dist.,
 
 924 So.2d 882, 885 (Fla. 1st DCA 2006);
 
 McWilliams v. Americana Dutch Hotel,
 
 595 So.2d 253, 254 (Fla. 1st DCA 1992);
 
 John Ringling Towers v. Klein,
 
 573 So.2d 154, 155 (Fla. 1st DCA 1991). It is undisputed that the petition in this case met the statutory requirements. Moreover, once filed, a petition for benefits remains “pending until withdrawn by claimant, or acted upon, or dismissed upon motion.... ‘Passage of time does not itself terminate the pen-dency of a proceeding.’ ”
 
 Turner v. Keller Kitchen Cabinets, S., Inc.,
 
 247 So.2d 35, 40 (Fla.1971) (quoting from
 
 Munsinger v. Edge,
 
 1 F.C.R. 103, cert. denied, 85 So.2d 757 (Fla.1955)).
 
 Accord Strack v. Executive Motors, Inc.,
 
 500 So.2d 703, 704 (Fla. 1st DCA 1987) (citing Turner). There is, likewise, no dispute about the fact that the petition remained pending, and that claimant had not received the benefits sought. Accordingly, as a matter of law, the statute of limitations remained tolled.
 

 To the extent the judge of compensation claims dismissed the petition based on his belief that it had been pending too long, the proper procedure would be to invoke section 440.25(4)(i), Florida Statutes (2008). That provision permits a judge of compensation claims to “dismiss a petition for lack of prosecution if a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown.” However, such action may only be taken in response to a motion by a party or the judge. Dismissal for lack of prosecution would not have been appropriate here, because no motion was filed requesting such action, and motions had been filed, hearings held and depositions taken in the 12 months prior to the order of dismissal.
 
 See Sherertz v. Key West Oceanside Marina, 477
 
 So.2d 70, 71 (Fla. 1st DCA 1985) (holding that a claim may not be dismissed for lack of prosecution if record activity has occurred within the time specified by the statute).
 

 
 *1266
 
 Because the petition for benefits was timely filed and remained pending, it was error to conclude that it was barred by section 440.19. Accordingly, we reverse, and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED, with directions.
 

 PADOVANO and ROWE, JJ., concur.