WEBSTER, J.
 

 In this workers’ compensation case, claimant seeks review of a final order awarding costs to the employer and carrier. Claimant complains that the motion to tax costs should have been denied as untimely and that, in the alternative, the judge of compensation claims erroneously rejected claimant’s objections to specific cost items. We affirm.
 

 A final order denying claimant’s petition seeking permanent total disability benefits was filed on November 2, 2007. The employer and carrier did not file their motion seeking to tax costs until November 12, 2008, more than a year later. Claimant objected to the motion as untimely. The judge of compensation claims rejected claimant’s objection, stating that “[tjhere is no specific mandate within [chapter] 440, Florida Statutes, requiring that a cost petition be filed within a finite period of time. Nor is there a timeframe imposed in Chapter 60Q-6 Rules of Procedure for Workers’ Compensation Adjudications.” He concluded that, “[w]ithout specific authority granted by rule or statute, [he] ha[d] no authority to reject the Employer/Carrier’s Motion to Tax Costs.”
 

 The judge of compensation claims was correct. There is nothing in either section 440.34(3), Florida Statutes (2007) (which directs the assessment of costs against the nonprevailing party), or in Florida Administrative Code Rule 60Q-6.124 (2007) (which implements that provision) that purports to place a time limit on the filing of a motion seeking to tax costs. The judge was also correct that he lacked the authority to impose a time limitation absent explicit authority provided by either a statute or a rule.
 
 See Villazano v. Horace Bell Honey Co.,
 
 928 So.2d 515, 516 (Fla. 1st DCA 2006) (holding that, absent explicit authority provided by either a statute or a rule, a judge of compensation claims may not set a time limitation for filing a verified petition seeking attorney’s fees).
 
 See generally Farhangi v. Dunkin Donuts,
 
 728 So.2d 772, 773 (Fla. 1st DCA 1999) (“[a] JCC has no authority or jurisdiction beyond what is specifically conferred by statute”);
 
 McFadden v. Hardrives Constr., Inc.,
 
 573 So.2d 1057, 1059 (Fla. 1st DCA 1991) (“[u]nlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440”). Accordingly, we affirm the refusal to reject as untimely the motion seeking to tax costs. However, those entities possessing the power to impose such a time limit might wish to consider the advisability of doing so, as did our supreme court in civil cases by the adoption of Florida Rule of Civil Procedure 1.525 (which requires that a motion seeking to tax costs be served “no later than 30 days after filing of the judgment ... or the service of a notice of voluntary dismissal”).
 
 See, e.g.,
 
 § 440.45(4), Fla. Stat. (2009) (giving the Office of the Judges of Compensation Claims the power to “adopt ... procedural rules applicable to workers’ compensation claim resolution”).
 

 
 *669
 
 Claimant also complains that the judge of compensation claims erroneously rejected his objections to specific cost items. We conclude that claimant has failed to demonstrate an abuse of discretion by the judge of compensation claims as to the specific items challenged.
 
 See Morris v. Dollar Tree Store,
 
 869 So.2d 704, 707 (Fla. 1st DCA 2004) (stating that rulings of a judge of compensation claims as to specific cost items are subject to an abuse of discretion standard of review on appeal) (citing
 
 McArthur Farms v. Peterson,
 
 586 So.2d 1273, 1276 (Fla. 1st DCA 1991)). Accordingly, we affirm as to this issue as well.
 

 AFFIRMED.
 

 PADOVANO and ROWE, JJ., concur.