PER CURIAM.
 

 Pursuant to Rule 9.315, Florida Rules of Appellate Procedure (2008), we find the Claimant failed to demonstrate a preliminary basis for reversal and summarily affirm the JCC’s order denying Claimant’s motion for a final merits hearing on his 2007 petition for benefits (PFB). Fla. RApp. P. 9.315 (2008).
 

 In 2007, the Claimant filed a PFB requesting various compensation benefits from the Employer/Carrier (E/C). Shortly thereafter, the Claimant filed a “Notice of Resolution of Issues,” advising the JCC that the parties had resolved the claim and requesting that the JCC cancel a previously scheduled final hearing. The JCC canceled the final hearing and no further action was taken regarding the 2007 PFB.
 

 In 2008, Claimant filed a second PFB renewing the request for benefits made in the 2007 PFB. The E/C responded by filing a “Motion For Summary Final Order,” alleging (1) Claimant’s Notice of Resolution of Issues acted as a dismissal of the
 
 *702
 
 2007 PFB, thus ceasing the tolling of the statute of limitations on the claim; and (2) the statute of limitations expired before the Claimant filed the 2008 PFB.
 

 Following an evidentiary hearing, the JCC granted the E/C’s motion and dismissed the 2008 PFB with prejudice. The JCC did not specifically reference the 2007 PFB in the final order; however, based on the arguments presented at the hearing and in the E/C’s “Motion For Summary Final Order,” it is reasonable to infer the JCC determined the Claimant’s 2007 “Notice of Resolution of Issues” was tantamount to a notice of voluntary dismissal and that the statute of limitations on Claimant’s 2008 PFB had expired.
 
 See Airey v. Wal-Mart,
 
 24 So.3d 1264 (Fla. 1st DCA 2009).
 

 Moreover, Claimant’s opportunity to have the JCC expressly rule on whether the “Notice of Resolution of Issues” operated as a voluntary dismissal of the 2007 PFB passed when he failed to bring this issue to the JCC’s attention following the order dismissing the 2008 PFB.
 
 See Betancourt v. Sears Roebuck & Co.,
 
 693 So.2d 680, 682 (Fla. 1st DCA 1997) (holding failure to rule “on a fully tried issue” will be considered a denial of claim for jurisdictional reasons);
 
 see also Hamilton v. R.L. Best Int’l,
 
 996 So.2d 233, 234-35 (Fla. 1st DCA 2008) (holding error appearing for first time in final order must be brought to JCC’s attention to preserve issue for appellate review).
 

 Accordingly, we find Claimant has failed to demonstrate a basis for reversal and summarily affirm the JCC’s order.
 

 AFFIRMED.
 

 HAWKES, C.J., WETHERELL and ROWE, JJ., concur.