PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying benefits on the ground the statute of limitations had run. Claimant asserts five distinct arguments for reversal; one has merit and, because it is dispositive, we need not address the other four.
 

 FACTS
 

 The facts of this case are undisputed. On March 30, 2009, prior to the final adjudication of all claims raised in a pending 2003 petition for benefits (PFB), Claimant filed another PFB seeking an appointment with an authorized orthopedist (specifically, either Dr. Brown or Dr. Hyde, both authorized in the past), and costs and attorney’s fees. The Employer/Carrier (E/C) filed a response asserting that it had set an appointment with Dr. Hyde, and defending against the costs and fees as not due or owing. Claimant attended the scheduled appointment on April 24, 2009.
 

 On July 22, 2009, both parties’ counsel requested cancellation of a mediation set for July 23, 2009; their letter to the mediator states, in part:
 

 The issue in that PFB was over the authorization and scheduling of an orthopedic appointment for the claimant with her authorized doctor, and that has since taken place and been resolved. Accordingly, there are no other outstanding issues other than attorney’s fees and costs, over which jurisdiction remains reserved in the JCC.
 

 The mediation was cancelled.
 

 On March 3, 2010, Claimant filed a second PFB, seeking authorization of an “alternative orthopedist” or, “if carrier denies the request for the alternative,” a followup appointment with Dr. Hyde, as well as penalties, interest, costs, and attorney’s fees. In response, the E/C denied the entire claim as barred by the statute of limitations. In the order on appeal, the JCC agreed with the E/C that the statute of limitations barred the claim, reasoning in part that the 2009 PFB was no longer pending because the letter to the mediator “indieat[ed] a resolution of the issues” in that PFB and, therefore, the letter operated as a voluntary dismissal of the 2009 PFB. In support, the JCC cited
 
 Louis v. Hooters of West Palm Beach,
 
 36 So.3d 701 (Fla. 1st DCA 2010), and
 
 Bednarik v. Ebasco Services,
 
 527 So.2d 251 (Fla. 1st DCA 1988), for the proposition that a reso
 
 *1100
 
 lution of all issues serves as a voluntary dismissal of the claims.
 

 APPLICATION OF LAW
 

 Claimant’s March 3, 2010, PFB was not barred by the statute of limitations, because the parties had not settled the active claims for entitlement to attorney’s fees and costs brought by the 2009 PFB — the July 2009 letter plainly states this by the wording “no other outstanding issues other than attorney’s fees and costs,” and confirms this fact by noting that any ruling on fees and costs is reserved. The facts of the cases cited by the JCC, in contrast, are that
 
 all
 
 of the issues had been resolved.
 
 See Louis,
 
 36 So.3d at 701-02 (noting claimant’s “Notice of Resolution of Issues” advised JCC “that the parties had resolved the claim”);
 
 Bednarik,
 
 527 So.2d at 252 (noting “stipulation for cancellation of hearing” asserted that “the matters scheduled to be heard at that time have been resolved by the parties”). Because
 
 Louis
 
 and
 
 Bednañk
 
 are distinguishable on their facts, the JCC erred in analogizing the instant case to them.
 

 More apt analogy is made to
 
 Airey v. Wal-Mart/Sedgwick,
 
 24 So.3d 1264 (Fla. 1st DCA 2009),
 
 John Ringling Towers v. Klein,
 
 573 So.2d 154 (Fla. 1st DCA 1991), and
 
 Gilman v. South Florida Water Management District,
 
 584 So.2d 591 (Fla. 1st DCA 1991). In
 
 Airey,
 
 this court held the timely filed PFB, because it remained pending, “tolled” the statute of limitations.
 
 See
 
 24 So.3d at 1265. In
 
 Klein,
 
 this court held that the statute of limitations “remained open” due to pending claims for “payment for prosthetic devices and medical care related to the amputation site.”
 
 See
 
 573 So.2d at 155. The proeedurally more intricate case of
 
 Gilman
 
 indicates that, given the opportunity, this court will apply the reasoning in
 
 Airey
 
 and
 
 Klein
 
 equally where the pending claims are for attorney’s fees.
 
 See Gilman,
 
 584 So.2d at 596. Applying these cases, we hold the proper outcome here is to permit the 2010 PFB to go forward, because it was not barred by the statute of limitations, as it was filed while the 2009 PFB was still pending.
 

 The E/C argues that because no deadline (other than the statute of limitations) exists for the pursuit of attorney’s fees,
 
 see Villazano v. Horace Bell Honey Co.,
 
 928 So.2d 515 (Fla. 1st DCA 2006), or costs,
 
 see Shackleford v. CTL Distribution,
 
 25 So.3d 667 (Fla. 1st DCA 2010), an active outstanding claim for such should not affect the statute of limitations. On the contrary, here, the fee claim, premised as it was on the benefit sought in the 2009 PFB, was ripe at the time the benefit was provided; Claimant sought fees in the 2009 PFB, but had she not sought fees at that time (or at some time prior to the resolution of the claim for the benefit) she would have waived entitlement to such.
 
 See Georgia-Pacific Corp. v. DeLoach,
 
 603 So.2d 702 (Fla. 1st DCA 1992) (holding claimant waived right to fee for services resulting in order awarding appointment of physician, because motion for appointment of physician did not request fee, fee claim became ripe at time of hearing resulting in the award, and order did not address fee entitlement or reserve jurisdiction to do so at later date). Because that claim for fees and costs remains pending, the JCC erred in dismissing the 2010 PFB on the basis that it was barred by the statute of limitations.
 

 REVERSED and REMANDED for further proceedings.
 

 THOMAS, ROBERTS, and CLARK, JJ., concur.