PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying, as barred by the statute of limitations, all claims asserted in his petition for benefits (PFB) filed in February 2011. Claimant raises two arguments in the alternative to each other. Because we conclude reversal is warranted on one of those arguments, we decline to address the other.
Longley v. Miami-Dade County School Board, 82 So.3d 1098 (Fla. 1st DCA 2012), is dispositive. The facts of Longley are analogous to the facts here. In both cases, the claimants had filed a prior PFB, compliant with section 440.192, Florida Statutes, asserting both a claim for medical benefits and claims for attorney’s fees and costs. In both cases, the claims for medical benefits in those prior PFBs were resolved — by agreement in Longley (memorialized by letter cancelling mediation), and here by Claimant’s voluntary dismissal of the PFB. In both cases, the claims for fees and costs were expressly reserved upon (not dismissed) — in Longley, by the letter’s statement that “there are no other *974 outstanding issues other than attorney’s fees and costs,” and here by the wording of the Notice of Voluntary Dismissal, “reserving any claim for attorney’s fees and costs relating thereto.” In both cases, the outstanding claims for fees and costs were not thereafter resolved, and were not dismissed for lack of prosecution under the authority of section 440.25(4)(i), Florida Statutes. In both cases, a subsequent PFB (the disposition of which was appealed in each), seeking benefits for the same date of accident, was denied as barred by the statute of limitations. And in both cases, the same rule applies: pending claims asserted via PFB — even claims for fees and costs — toll the statute of limitations.
REVERSED and REMANDED for further proceedings.
LEWIS, CLARK, and RAY, JJ., concur.