PER CURIAM.
The Employer/Carrier (E/C) in this workers’ compensation case filed a petition for writ of certiorari to review a non-final order of the Judge of Compensation Claims (JCC) denying its motion to dismiss for lack of prosecution under section 44025(4)©, Florida Statutes (2011). The motion followed the E/C’s unsuccessful motion to compel Claimant to file a verified motion for attorney’s fees under Florida Administrative Code Rule 60Q-6.124(4) and was filed one day after the statute of limitations would have run in this matter but for the JCC’s reservation of jurisdiction over a claim for attorney’s fees asserted in a petition for benefits (PFB) that was otherwise resolved in January 2012.
The E/C argues that it is irreparably harmed because the denial of its motion to dismiss the pending claim for attorney’s fees and costs has “forever stripped” its right to assert the statute of limitations. See Black v. Tomoka State Park, 106 So.3d 973 (Fla. 1st DCA 2013) (reaffirming rule set forth in Longley v. Miami-Dade Cnty. Sch. Bd., 82 So.3d 1098 (Fla. 1st DCA 2012), that pending claims asserted via PFB for attorney’s fees and costs toll statute of limitations). The E/C, however, failed to present any compelling authority indicating it cannot raise and maintain a statute of limitations defense for all benefits that Claimant might later claim (including the at-issue claim for attorney’s fees) based on its position that the JCC erred in denying the motion to dismiss. In fact, precedent from this court would indicate otherwise.* See Orange Cnty. Sch. Bd. v. Perkins, 619 So.2d 1, 2 n. 1 (Fla. 1st DCA 1993) (explaining appellate *1067 court denied e/c’s petition for writ of cer-tiorari challenging JCC’s order denying motion to dismiss claim for lack of prosecution, and that e/c “again raised the issue of failure to prosecute at the merits hearing” after which, appellate court addressed merits of order denying motion to dismiss).
Because the order denying the E/C’s motion to dismiss for lack of prosecution can be reviewed on subsequent plenary appeal, the E/C failed to demonstrate the requisite “irreparable harm” and, thus, its certiorari petition must be dismissed for lack of jurisdiction. See Citizens Property Ins. Co. v. San Perdido Ass’n, Inc., 104 So.3d 344, 351 (Fla.2012) (“[BJefore certio-rari may be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm.”); Elms v. Castle Constructors Co., 109 So.3d 1274, 1276 n. * (citing Bared & Co. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996) (en banc), for the' proposition that dismissal, rather than denial, is the proper disposition of petition for writ of certiorari when the appellate court determines that there has been an insufficient showing of irreparable harm).
DISMISSED.
WETHERELL, MARSTILLER, and SWANSON, JJ., concur.

 We recognize the conundrum faced by the E/C where, as here, the JCC retains jurisdiction over a pending claim for attorney's fees but declines to compel the filing of a fee motion and then declines to dismiss the underlying PFB for lack of prosecution when Claimant *1067 takes no action to adjudicate the fee claim; however, the solution to this problem (assuming one is needed) lies not with an expansion of this court’s certiorari jurisdiction but rather with an amendment to chapter 440 or the 60Q rules to establish deadlines for the adjudication of fee claims, see Villazano v. Horace Bell Honey Co., 928 So.2d 515, 516 (Fla. 1st DCA 2006) (holding that "the JCC did not have the authority, pursuant to either statute or rule, to set a time limitation for filing the verified petition for fees”); Shackleford v. CTL Distribution, 25 So.3d 667, 668 (Fla. 1st DCA 2010) (holding that JCC lacked authority to impose time limitation on filing of motion for costs, but suggesting that "those entities possessing the power to impose such a time limit might wish to consider the advisability of doing so”); or, perhaps, an amendment to the rules of appellate procedure to authorize interlocutory appeals of orders denying motions under rule 60Q-6.124(4) or orders denying motions to dismiss for lack of prosecution. Cf. Keck v. Eminisor, 104 So.3d 359, 364-65 (Fla.2012) (refusing to expand certiorari jurisdiction to review order denying motion to dismiss based upon immunity from suit in section 768.28(9)(a), Florida Statutes, but directing rules committee to propose amendment to Florida Rule of Appellate Procedure 9.130 to authorize interlocutory appeals of such orders in light of the policy considerations at issue). Alternatively, the issue framed by the petition in this case could likely be avoided altogether if JCCs, in addressing motions to compel the filing of a verified motion for attorney’s fees and costs filed under rule 60Q-6.124(4), exercised the discretion permitted by this rule in such a way to further the obvious purpose of this administrative edict — to facilitate the expeditious and final disposition of claims for attorney’s fees and costs that remain pending for no reasonable purpose. That is, it would seem appropriate for a JCC to grant an employer or carrier's motion seeking to compel a verified motion on a pending claim for attorney’s fees and costs, unless the Claimant establishes, and the JCC finds, that there is a reasonable or justifiable purpose for permitting the claims to remain pending and unacted upon.