IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DIONEL RODRIGUEZ,

      Petitioner,

v.

IPC INTERNATIONAL CORPORATION and LIBERTY MUTUAL,

      Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D17-0210

Opinion filed August 7, 2017.

Petition for Writ of Certiorari – Original Jurisdiction.

Date of Accident: January 22, 2012.

Martha D. Fornaris of Fornaris Law Firm, P.A., Coral Gables, for Petitioner.

Kip O. Lassner and Daniel M. Schwarz of Cole, Scott & Kissane, P.A., Plantation, for Respondents.


PER CURIAM.

      DISMISSED.

LEWIS and WINSOR, JJ., CONCUR; WETHERELL, J. CONCURS WITH OPINION.

WETHERELL, J., concurring.

I agree that the petition seeking review of the order denying the claimant's motion to determine his competency must be **dismissed** because the claimant did not establish the irreparable harm necessary for certiorari review. See F.T.M.I. Operator, LLC v. Limith, 140 So. 3d 1065, 1067 (Fla. 1st DCA 2014). However, in my view, even if the claimant had established the requisite irreparable harm, the petition would have been **denied** because the record establishes that the judge of compensation claims (JCC) applied the correct law and reasonably based her finding that the claimant failed to prove that he was incompetent on the overwhelming evidence that the claimant was malingering and feigning his mental condition. The argument to the contrary in the petition is, in my view, nothing more than a thinly-veiled request for this court to reweigh the evidence presented to the JCC. That, however, is not the proper function of this court, particularly in an extraordinary writ proceeding.

With these additional observations, I concur in the disposition of this case.