DAVIS, Judge.
The appellant, June Houston-Miller, appeals an order of the Judge of Compensation Claims (“JCC”) dismissing her petition for benefits on the ground that her petition for benefits was barred by the two-year statute of limitations set forth in section 440.19(l)(b), Florida Statutes (1985). The claimant argues that the payment of an attorney’s fee to her attorney within the two-year period set forth in section 440.19(l)(b) should be considered the “payment of compensation” thereby tolling the statute of limitations. We hold that the payment of an attorney’s fee to the claimant’s attorney is not the “payment of compensation” within *654 the meaning of section 440.19(l)(b), Florida Statutes (1985), and affirm.
Section 440.19(l)(b), Florida Statutes (1985), provides in part:
All rights for remedial attention under this section shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed with the division within 2 years after the time of injury, except that, if payment of compensation has been made or remedial attention or rehabilitative services have been furnished by the employer without an award on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention or rehabilitative services furnished by the employer....
Section 440.02(6), Florida Statutes (1985) defines “compensation” as “the money allowance payable to an employee or to his dependents as provided for in this chapter.”
This court has held that attorney’s fees are not “compensation” within the meaning of section 440.20(8), Florida Statutes, which provides for a penalty for “compensation” not paid within 30 days after it becomes due. See Department of Transp. v. Walker, 634 So.2d 1158 (Fla. 1st DCA 1994); Amodei v. GCC Beverages, 449 So.2d 991 (Fla. 1st DCA 1984). The claimant argues, however, that in Spaulding v. Albertson’s, Inc., 610 So.2d 721 (Fla. 1st DCA 1992), this court considered attorney’s fees to be “compensation” within the meaning of section 440.20(9), which provides for the payment of interest if any installment of “compensation” is not paid when it becomes due.[1] We find the claimant’s argument to be without merit. In Spaulding, the court held that interest on an award of appellate attorney’s fees began to accrue on the date of the JCC’s order awarding attorney’s fees. Spaulding, 610 So.2d at 724. Interest accrues on an award of attorney’s fees from the date of the award by the JCC, even though chapter 440 does not expressly provide for the allowance of interest on an award of attorney’s fees. Stone v. Jeffres, 208 So.2d 827 (Fla.1968).
Because the payment of an attorney s fee to the claimant’s attorney is not the “payment of compensation” under section 440.19(l)(b), Florida Statutes (1985), we hold that the JCC properly dismissed the claimant’s petition for benefits based upon the running of the two-year statute of limitations. The order of the JCC is therefore AFFIRMED.
BARFIELD and ALLEN, JJ., concur.

. The claimant concedes that the Spaulding opinion does not specify that interest on the award of attorney’s fees was payable pursuant to section 440.20(9).