IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANNE MARIE LIMITH,

      Appellant,

v.

LENOX ON THE LAKE DBA
FTMI OPERATOR, LLC AND
CASTLE POINT FLORIDA
INSURANCE CO., D/B/A U.S.
FIRE INSURANCE AND CRUM
& FORSTER,

      Appellee.
_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3761

Opinion filed April 17, 2015.

An appeal from an order of the Judge of Compensation Claims.
Iliana Forte, Judge.

Date of Accident: June 26, 2011.

Bill McCabe, Longwood, and Kevin R. Gallagher of the Gallagher Law Group, P.A., Fort Lauderdale, for Appellant.

Andrew R. Borah and William H. Rogner, Winter Park, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals, and the Employer/Carrier (E/C) cross-appeals, an order of the Judge of Compensation

Claims (JCC) denying a follow-up medical visit, but also rejecting the E/C's affirmative defense based on the statute of limitations, section 440.19, Florida Statutes (2010). Because the cross-appeal has merit, and must be addressed first in that it has reach beyond this single petition for benefits (PFB) given the serial nature of workers' compensation litigation, we reverse on that ground, with instructions detailed herein.

The E/C argues that the predecessor JCC erred in entering an interlocutory (non-final) order on October 7, 2013, denying the E/C's motion to dismiss for lack of prosecution, which motion was directed toward a pending claim for attorney's fees and costs asserted in a 2011 PFB. See F.T.M.I. Operator, LLC v. Limith, 140 So. 3d 1065 (Fla. 1st DCA 2014) (dismissing certiorari challenge to October 7 order). The E/C argues further that had the pending claim been dismissed, the limitations period would have run, barring the instant claim (for a follow-up visit) which was asserted by PFB filed October 16, 2013—*after* the order denying the E/C's motion to dismiss for lack of prosecution. We agree; section 440.25(4)(i), Florida Statutes, the authority for motions to dismiss, applies to pending fee claims asserted by PFB. See Black v. Tomoka State Park, 106 So. 3d 973 (Fla. 1st DCA 2013). Although the predecessor JCC had technically dismissed the 2011 PFB and reserved jurisdiction over the claims for fees and costs (without adjudicating entitlement), there is no authority for finding, as Claimant would have us do, that a

2

reservation of jurisdiction in this manner means that the claim is no longer brought via a PFB and, therefore, not subject to dismissal under section 440.25(4)(i). Claimant cannot have it both ways – having the claim for attorney's fees and costs toll the statute of limitations because it was brought by way of a PFB, and also having the claim not subject to dismissal for lack of prosecution because it is not a PFB.

Although section 440.25(4)(i) states that a JCC "may" dismiss a petition for lack of prosecution, that decision is not necessarily discretionary. See Allied Fid. Ins. Co. v. State, 415 So. 2d 109, 111 (Fla. 3d DCA 1982) ("[T]he permissive word "may" will be deemed to be obligatory '[w]here a statute directs the doing of a thing for the sake of justice. . . .'"). The word "may" must also be considered in context with the rest of section 440.25(4)(i) referencing "good cause shown"; specifically, section 440.25(4)(i) provides a JCC may dismiss a PFB "unless good cause is shown." Because the Legislature provided a standard of "good cause shown," it was incumbent upon the JCC here, in the exercise of sound judicial discretion, to apply the standard. But the JCC failed to provide any rationale whatsoever for denying the motion to dismiss. This court has previously held that a failure to exercise discretion constitutes reversible error. See VFD v. State, 19 So. 3d 1172 (Fla. 1st DCA 2009). Because the failure to exercise discretion here results in the potential indefinite tolling of the statute of limitations, the order denying the E/C's motion to dismiss was erroneous. Consequently, on remand the JCC shall determine whether Claimant

3

can show good cause—apart from the order denying the motion to dismiss for lack of prosecution*—that would preempt dismissal for failure to prosecute. Should the JCC find no good cause, the JCC shall enter an order nunc pro tunc to October 7, 2013, granting the E/C's motion to dismiss the pending claim for fees and costs, and also enter an order denying the 2013 PFB on the reasoning that it was barred by operation of the statute of limitations.

Conversely, should the JCC find Claimant had good cause for the failure to prosecute the pending 2011 claim, the analysis of the merits of the 2013 PFB comes into play. The record supports the JCC's finding that Claimant's compensable injury had fully healed by August 2011, requiring no additional medical care. Accordingly, we affirm this portion of the order. Should the JCC find good cause for the non-prosecution of the attorney's fee claim, the JCC shall enter an order concluding the limitations period has not run on Claimant's case, and need not re-address the merits of the 2013 PFB.

REVERSED and REMANDED with instructions.

LEWIS, C.J., RAY and SWANSON, JJ., CONCUR.

---

* The facts here are such that the interlocutory order cannot constitute good cause for Claimant's failure to prosecute her pending claim for attorney's fees and costs.

4