IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICARDO SANCHEZ,

      Appellant,

v.

AMERICAN AIRLINES AND
SEDGWICK CMS,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4907

_____/

Opinion filed July 14, 2015.

An appeal from an order of the Judge of Compensation Claims.
Margret G. Kerr, Judge.

Date of Accident: August 25, 2011.

Toni L. Villaverde of Toni L. Villaverde, PLLC, Coral Gables, for Appellant.

Clinton C. Lyons, Jr., and Frank Garcia of Moran, Kidd, Lyons, Johnson, P.A., Miami Lakes, for Appellees.


PER CURIAM.

In this workers' compensation case, Claimant argues that the Judge of Compensation Claims (JCC) erred in finding that his April 2014 petition for benefits (PFB) was barred by the statute of limitations in section 440.19, Florida Statutes (2011). Finding no error in the JCC's application of the law to the facts, we affirm.

Subsection (1) of section 440.19 provides generally that a PFB must be filed within two years after the date of injury or it will be barred, and subsection (2) provides that the only events that will extend the statute of limitations are the payment of indemnity benefits or the furnishing of medical treatment. Here, the April 2014 PFB was filed more than two years after Claimant's date of injury and more than one year after the last provision of medical or disability benefits, but it was filed within one year after the JCC dismissed a prior PFB and ordered the employer/carrier to pay attorney's fees to Claimant's counsel. Consequently, the narrow question presented in this case is whether the payment of attorney's fees to Claimant's counsel—with no other medical or disability benefits being paid simultaneously to Claimant and no PFBs pending—is sufficient to extend the statute of limitations under subsection 440.19(2). For the reasons that follow, we answer this question in the negative.

Claimant's previously filed PFB has no bearing on whether the statute of limitations has run because "when an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." McBride v. Pratt & Whitney, 909 So. 2d 386, 388 (Fla. 1st DCA 2005); see also Kinsey v. Skyline Corp., 395 So. 2d 626, 627 (Fla. 1st DCA 1981). This holding is not undercut by Longley v. Miami-Dade County School Board, 82 So. 3d 1098, 1100 (Fla. 1st DCA 2012),

2

upon which Claimant relies. That decision held that a PFB filed before the resolution of a pending attorney's fee claim is not barred by the statute of limitations because the statute of limitations does not operate while a PFB is pending. Here, because there was no other PFB pending when the April 2014 PFB was filed, Longley is inapplicable.

Claimant also contends that the payment of an attorney's fee resulting from the prior PFB is sufficient to toll the statute of limitations. We reject this argument because it is well-settled that the payment of an attorney's fee is neither a payment of compensation nor the furnishing of medical treatment—the only two events that will extend the statute of limitations under subsection 440.19(2). Specifically, this court determined in Houston-Miller v. U.S. Fire Insurance, 668 So. 2d 653, 653-54 (Fla. 1st DCA 1996), that for purposes of determining whether the statute of limitations ran, "payment of an attorney's fee to the claimant's attorney is not the 'payment of compensation' within the meaning of section 440.19(1)(b), Florida Statutes (1985)." The definition of "compensation" in the 2011 statutes applicable in this case is the same as that in the 1985 statute construed in Houston-Miller. Moreover, even though "indemnity" is not defined in chapter 440, case law recognizes "indemnity" as one of the two categories of benefits provided to a claimant—compensation and medical treatment. See Rene Stone Work Corp. v.

3

Gonzalez, 25 So. 3d 1272, 1273 (Fla. 1st DCA 2010) (explaining one issue on appeal was whether JCC erred by "awarding Claimant temporary indemnity benefits").

In sum, because the JCC correctly determined that Claimant's April 2014 PFB is barred by the statute of limitations, we affirm the summary final order dismissing the petition.

AFFIRMED.

THOMAS, WETHERELL, and RAY, JJ., CONCUR.

4