# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1759

_____

LOZIANE O. MOISE,

    Appellant,

    v.

DISNEY POP CENTURY RESORT,
and WALT DISNEY WORLD CO.
WORKERS' COMPENSATION
DEPARTMENT,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Thomas W. Sculco, Judge.

Dates of Accidents:  June 9, 2011; January 6, 2013.

April 30, 2018

M.K. THOMAS, J.

In this workers' compensation case, we address the interplay between section 440.25(4)(i), Florida Statutes (2011), permitting motions to dismiss for lack of prosecution, and section 440.19, Florida Statutes (2011), the statute of limitations ("SOL") provision.  Appellant ("Moise") appeals a final order dismissing her Petitions for Benefits ("PFBs") as untimely and, therefore, barred by the SOL.  Although we affirm the ultimate disposition reached by the Judge of Compensation Claims ("JCC"), we write to clarify application of this Court's previous decision in *Akers v. State of*

*Florida-Department of Corrections*, 987 So. 2d 240 (Fla. 1st DCA 2008).

<u>Facts</u>

Moise, a housekeeper employed by Appellee ("Disney"), suffered injuries as a result of two compensable accidents at work: the first occurring on June 9, 2011, and the second on January 6, 2013. Multiple PFBs were filed on her behalf in 2013 and 2014, asserting both dates of accident and claiming entitlement to various benefits. At mediations in 2013 and 2015, the claims raised by the PFBs were resolved with the exception of attorney's fees and costs. The parties specifically reserved jurisdiction on those claims, which remained pending. The last provision of benefits to Moise for the 2011 date of accident was on April 14, 2014, while the last provision of benefits for the 2013 injury was on November 22, 2013.

On August 19, 2016, Disney filed a motion to dismiss the 2013 and 2014 petitions in accordance with section 440.25(4)(i), asserting a lack of prosecution. On September 1, 2016, after the filing of the motion and before a hearing, Moise filed two additional PFBs (covering both dates of accident) seeking additional medical benefits and attorney's fees and costs. In response, Disney filed notices of denial raising SOL defenses pursuant to section 440.19 as to both dates of accident and denying entitlement to all further benefits. A hearing on Disney's motion to dismiss resulted in a dismissal of all pending claims raised by the 2013 and 2014 PFBs. In the order, the JCC specifically found inadequate record activity and no "good cause" shown for Moise's failure to prosecute the claims. Moise did not appeal the order granting Disney's motion to dismiss.

The PFBs filed by Moise in 2016 were consolidated and the issues bifurcated to litigate, initially, the viability of Disney's SOL defenses. Following the merits hearing, the JCC ultimately dismissed the 2016 PFBs as untimely, relying solely on *Akers*.

2

## *Legal Analysis*

As to the JCC's determination that the filing of the 2016 PFB's did not toll the SOL, we review this legal conclusion *de novo*. *McBride v. Pratt & Whitney*, 909 So. 2d 386, 387 (Fla. 1st DCA 2005). In support of his ruling, the JCC cited to *Akers* which involves similar facts to the instant case. In *Akers*, the claimant filed a PFB shortly after the E/C moved to dismiss two prior PFBs for failure of claimant to prosecute. 987 So. 2d at 241. The JCC ultimately entered an order granting the motion to dismiss regarding the previously-filed PFBs. *Id*. The JCC then dismissed the PFB (filed after the E/C's motion to dismiss) as untimely and barred by the SOL. *Id*. It was noted in *Akers* that claimant stipulated the latter PFB was filed "solely in an effort to avoid an application of the statute of limitations." *Id*. However, this Court's affirmance of the dismissal was based on the recognition that the latter PFB "was filed too late to toll the statute of limitations," citing to *Chrysler Leasing Corp. v. Passacantilli*, 259 So. 2d 1 (Fla. 1972). *Id*.

In applying *Akers* to this case, the JCC found the "same sequence of events" and that Moise's 2016 PFBs were filed "in a similar attempt to toll the statute of limitations before Disney's motion to dismiss for lack of prosecution could be determined." Accordingly, the JCC seemingly focused upon Moise's intent in the filing of the 2016 PFBs.

For clarification, *Akers* should not be misconstrued to require a JCC to determine the intentions for or the merits of a PFB filed subsequent to a motion to dismiss under section 440.25(4)(i). The motivating factor(s) to file a PFB is not pertinent to the analysis of timeliness under section 440.19. The date of filing of a PFB, which meets the specificity requirements of section 440.192, Florida Statutes, is the determining factor. Neither the claimant's basis for filing nor the merits of the claims raised in the PFB are relevant to whether its filing was timely pursuant to section 440.19.

Disney argues that, instead of *Akers*, this case is controlled by *Limith v. Lenox on Lake*, 163 So. 3d 616 (Fla. 1st DCA 2015). In *Limith*, the JCC *denied* a motion to dismiss a pending attorney's fee claim for lack of prosecution, which tolled the statute of

3

limitations. *Id.* at 617. After issuance of the order denying the E/C's motion to dismiss, Limith filed a new PFB for a follow-up medical visit, which the E/C claimed was barred by the SOL. *Id.* The JCC both rejected the E/C's defense and denied the new PFB on its merits. *Id.* Limith appealed the denial of the medical claim, and the E/C cross-appealed both the ruling on their SOL defense and the interlocutory order denying the motion to dismiss the prior fee claim for lack of prosecution. *Id.*[1] In *Limith*, this Court reasoned:

> Although section 440.25(4)(i) states that a JCC "may" dismiss a petition for lack of prosecution, that decision is not necessarily discretionary. *See Allied Fid. Ins. Co. v. State,* 415 So. 2d 109, 111 (Fla. 3d DCA 1982) ("[T]he permissive word "may" will be deemed to be obligatory '[w]here a statute directs the doing of a thing for the sake of justice....'"). The word "may" must also be considered in context with the rest of section 440.25(4)(i) referencing "good cause shown"; specifically, section 440.25(4)(i) provides a JCC may dismiss a PFB "unless good cause is shown." Because the Legislature provided a standard of "good cause shown," it was incumbent upon the JCC here, in the exercise of sound judicial discretion, to apply the standard. But the JCC failed to provide any rationale whatsoever for denying the motion to dismiss. This court has previously held that a failure to exercise discretion constitutes reversible error. *See VFD v. State,* 19 So. 3d 1172 (Fla. 1st DCA 2009). Because the failure to exercise discretion here results in the potential indefinite tolling of the statute of limitations, the order denying the E/C's motion to dismiss was erroneous.

163 So. 3d at 617-18.

The 2016 PFBs in this case were filed before the motion to dismiss the prior claims had been acted upon by the JCC. The

---

[1] Contrary to the facts in *Limith*, Moise did not appeal the JCC's Order granting Disney's motion to dismiss for lack of prosecution.

4

parties agree the limitations period would have expired before the 2016 PFBs were filed (the record suggests that all limitations periods would have expired by approximately November 2015), if not for the pending fee claims against which the motion to dismiss had been filed. Regardless, we agree with Disney that the reasoning of *Limith* also applies here. Once the JCC granted the motion to dismiss (which extinguished the pending claims) and that ruling became final, the 2016 PFBs were *retroactively* barred by operation of the SOL. *See Limith*, 163 So. 3d at 618.

Here, Moise argues that because the 2016 PFBs were filed before the prior PFBs were dismissed, there existed pending PFBs at all times, thus tolling the SOL. We cannot agree. When a pending claim which serves to toll the SOL is dismissed by any means, "'the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed.'" *Sanchez v. Am. Airlines*, 169 So. 3d 1197, 1197 (Fla. 1st DCA 2015) (quoting *McBride*, 909 So. 2d at 388). Otherwise, "a party could avoid dismissal in every case by acting after the motion was made, whether or not he had prosecuted the action during the previous year, or could show good cause for his failure to do so," which would eviscerate the statute "by eliminating its penalty aspect." *Passacantilli*, 259 So. 2d at 4.[2]

---

[2] We recognize *Passacantilli* was a civil matter and the motion to dismiss for lack of prosecution was brought pursuant to Rule 1.420(e), Florida Rules of Civil Procedure (1971). *Chrysler Leasing Corp. v. Passacantilli*, 259 So. 2d 1 (Fla. 1972). However, this Court has historically recognized the similarity of purpose between Rule 11(b), Florida Workers' Compensation Rules of Procedure (allowing motions to dismiss for lack of prosecution and later codified in section 440.25(4)(i), Florida Statutes) and Rule 1.420(e). *See Kinsey v. Skyline Corp.*, 395 So. 2d 626 (Fla. 1st DCA 1981). In 2012, Rule 60Q-6.124, Rules of Procedure for Workers' Compensation Adjudications, was amended to establish an additional vehicle to dispose of unresolved claims for attorney's fee and cost entitlement which remain pending. Rule 60Q-6.124(4), allows a motion "by any party" to initiate resolution of disputed attorney's fees and costs. The common thread of these statutory

As illustrated by the facts of this case, the interaction of sections 440.19 and 440.25(4)(i) can prompt a "race to the courthouse" when a pending claim originally brought by PFB (whether for attorney's fees and costs or otherwise) acts to toll the statute of limitations and no record activity has occurred for over a year. However, any burden resulting from the one-year window imposed by section 440.25(4)(i) is generally avoidable, given that dismissal for lack of prosecution is possible only where there has been no record activity[3] *and* there exists no good cause for the lack of activity – a contingency within the claimant's control. *See Bocelli v. Sw Fla. Inv.*, 37 So. 3d 964 (Fla. 1st DCA 2010) (Wetherell, J., specially concurring); *Airey v. Wal-Mart/Sedgwick*, 24 So. 3d 1264, 1265 (Fla. 1st DCA 2009).

For the foregoing reasons, we affirm the dismissal of the 2016 PFBs as untimely and, therefore, barred by section 440.19.

AFFIRMED.

B.L. THOMAS, C.J., and RAY, J., concur.

———————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————————

Nicolette E. Tsambis of Smith, Feddeler, Smith, P.A., Lakeland, for Appellant.

---

provisions and rules of procedure is to promote efficient and timely resolution of pending litigation. Of note, in 2006, Rule 1.420(e) was amended to allow a 60-day grace period to cure record inactivity after service of the required notice of intent to file a motion to dismiss for lack of prosecution. However, the Legislature did not include a similar notice requirement or grace period in section 440.25(4)(i), its workers' compensation counterpart.

[3] Pursuant to section 440.25(4)(i), the filing of a "petition, response, motion, order, request for hearing, or notice of deposition" constitutes record activity.

William H. Rogner of Hurley, Rogner, Miller, Cox, & Waranch, P.A., Winter Park, for Appellees.