# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0379

_____

AMERICAN AIRLINES GROUP,
AMERICAN AIRLINES, and
SEDGWICK CMS,

      Appellants,

      v.

ALEJANDRO LOPEZ,

      Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Edward R. Almeyda, Judge.

Date of Accident: August 8, 2019.


May 22, 2024

PER CURIAM.

In this workers compensation case, American Airlines and Sedgwick—the Employer/Carrier/Servicing Agent (E/C/SA)—appeal the Judge of Compensation Claims' order rejecting their statute-of-limitations defense against paying additional benefits to Appellee Mr. Lopez, the Claimant. The issues before us are questions of law, and therefore our standard of review is de novo. *Moise v. Disney Pop Century Resort*, 244 So. 3d 403, 405 (Fla. 1st DCA 2018). We conclude the JCC erred in finding that the E/C/SA's payment of attorney's fees and costs was a provision of

"benefits" within the meaning of section 440.19(2), Florida Statutes (2019).

The underlying facts are undisputed. Claimant suffered a compensable accident on August 8, 2019, and the E/C/SA provided medical and indemnity benefits. The E/C/SA last paid a medical bill September 22, 2020, and made its last indemnity payment November 13, 2020. From two previous petitions for benefits (PFBs) filed July 24, 2020, the issue of entitlement to attorney's fees and costs remained pending, but was resolved in a stipulation dated April 28, 2021. The JCC approved the stipulation as to fees and costs in a final order dated May 3, 2021. *See* § 440.34(1), Fla. Stat. (requiring JCC or court approval of any "fee, gratuity, or other consideration" paid for a claimant).

On December 1, 2021, more than a year after the last medical or indemnity payment, Claimant filed another PFB, followed by a third PFB on June 6, 2022. Upon filing the June 6, 2022 PFB, Claimant voluntarily dismissed the December 1, 2021 PFB. Thus, the only PFB remaining was filed one year, six months, and twenty-five days after the last payment of medical or indemnity benefits.

The E/C/SA asserted the statute of limitations as a defense, citing section 440.19(1) of the Florida Statutes. Under this provision, all PFBs must be filed within two years after the employee knew or should have known the injury was compensable:

> [A]ll employee petitions for benefits under this chapter shall be barred unless the employee [or estate] has advised the employer of the injury or death pursuant to s. 440.185(1) **and** the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.

§ 440.19(1), Fla. Stat. (2019) (emphasis added).

Section 440.19(2) allows for a one-year tolling period in limited circumstances, as follows:

Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.

§ 440.19(2), Fla. Stat.

The JCC described the controlling issue as "when does the time clock begin running for the statute of limitations, tolled because of a pending fee issue?" The JCC's first error was to presume that reserving jurisdiction on a pending PFB for attorney's fees tolls the statute of limitations. It does not. Rather, it merely documents that the PFB remains pending because the fee issue is not yet resolved. Once the fee issue is resolved—whether by the JCC's approval of a fee and cost stipulation or denial for failure of proof, or the claimant's voluntary dismissal of the PFB—that pending status is extinguished.

The JCC erred again in disregarding the plain language of section 440.19(2). The JCC seems to have improperly equated a reservation of jurisdiction to determine entitlement to attorney's fees with tolling of the statute of limitations. "Pending" status of a PFB is an element of jurisdiction, while "tolling" is a separate legal doctrine that delays the time limits for pursuing or continuing a lawsuit. Section 440.19(2) specifies only two tolling events: "payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance." *Id*. On its face, this statute does not authorize tolling for either the pendency of a PFB or the payment of attorney's fees. For purposes of tolling under section 440.19(2), these are separate events and separate issues. Certainly the JCC had jurisdiction to resolve the fee issue, but once he did, all outstanding claims were resolved and the PFB was no longer pending. That did not toll the statute of limitations as to indemnity payment or remedial treatment. *See Moise*, 244 So. 3d at 404–07; *Medpartners v. Zenith*, 23 So. 3d 202, 205 (Fla. 1st DCA 2009).

We reject the JCC's reasoning that in generic terms, payment of attorney's fees and costs is a "benefit" and thus has a tolling

effect. That reasoning would improperly rewrite the statute to include a tolling event it does not include on its face, contrary to the statutory-interpretation principle of *expressio unius est exclusio alterius*—by expressing the things it meant to include, the Florida Legislature necessarily excluded all others. *See Smith v. State*, 215 So. 3d 113, 115 (Fla. 1st DCA 2017) (defining and applying this principle of construction as necessary to honor the separation-of-powers doctrine). The statute includes in its tolling effect only two clearly defined types of benefits: indemnity benefits, governed by section 440.15 of the Florida Statutes; and remedial treatment, care, or attendance, governed by section 440.13. Attorney's fees are neither of these.

We have previously followed the plain language of section 440.19(2) to hold that payment of attorney's fees does not toll the one-year limitations period. *Sanchez v. Am. Airlines*, 169 So. 3d 1197, 1198 (Fla. 1st DCA 2015) ("[I]t is well-settled that the payment of an attorney's fee is neither a payment of compensation nor the furnishing of medical treatment—the only two events that will extend the statute of limitations under subsection 440.19(2)." (citing *Houston-Miller v. U.S. Fire Ins.*, 668 So. 2d 653, 653–54 (Fla. 1st DCA 1996))); *see also Hosps. E., LLC v. Hampton*, 330 So. 3d 565, 566 (Fla. 1st DCA 2021) (holding that "reservation over *amount* of fees and costs does not toll the statute of limitations"). This interpretation of the statute gives full accord to its plain language, and follows precedent. We reject the JCC's ruling to the contrary.

We also reject the JCC's sua-sponte ruling that the filing of Claimant's December 1, 2021 PFB extended the statute of limitations, notwithstanding that this PFB was voluntarily dismissed on June 6, 2022. This PFB was filed more than a year after the last provision of indemnity or medical benefits, and its voluntary dismissal rendered it of no effect. *See Moise*, 244 So. 3d at 406 ("When a pending claim which serves to toll the SOL is dismissed by any means, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." (internal quotation marks and citation omitted)); *McBride v. Pratt & Whitney*, 909 So. 2d 386, 389 (Fla. 1st DCA 2005) ("[T]he one-year statute of limitations specified in section 440.19(2), Florida

4

Statutes[], is not tolled during the period that an earlier filed petition was pending before it was voluntarily dismissed.").

Finally, applying controlling law, we reject the JCC's decision to allow further proceedings on the petition for benefits filed June 6, 2022. The accident occurred on August 8, 2019, and the last tolling payment to Claimant was on November 13, 2020. The one-year tolling following that last qualifying benefit payment under section 440.19(2) ended before the new petition was filed, so that petition was untimely and barred.

VACATED.

KELSEY, WINOKUR, and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Antonio Hernandez of Jones, Hurley & Hand, P.A., Miami, for Appellants.

R. Cory Schnepper of Levine, Schnepper & Sandler, P.A., Miami; and Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellee.