# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2752

_____

DANIEL MURPHY,

    Appellant,

    v.

POLK COUNTY BOARD OF COUNTY
COMMISSIONERS and
COMMERCIAL RISK
MANAGEMENT,

    Appellees.

_____

On appeal from the Office of the Judges of Compensation Claims.
Brian J. Anthony, Judge of Compensation Claims.

September 3, 2025

TANENBAUM, J.

The Florida Workers' Compensation Law (chapter 440, Florida Statutes) bars the filing of any petition for benefits ("PFB") beyond two years from when the employee became aware that he suffered an accidental work-caused injury. § 440.19(1), Fla. Stat. (2016).[1] A pending, legally sufficient PFB filed within that two-year period, however, tolls that statute's running. § 440.19(3), Fla.

---

[1] The accident occurred in 2016, so all statutory references are to the 2016 version of the Florida Statutes, unless otherwise noted.

Stat. We previously held that as long as "at least one petition [remains] pending at all times between the filing of the first petition and the hearing on the last petition" regarding an accident date, a "claimant's voluntary dismissal of the first petition" would "not operate to dismiss the entire case" as to that accident date, "but only the individual petition"; so the statute would continue to be tolled for the entire period. *Rice v. Reedy Creek Improvement Dist.*, 924 So. 2d 882, 884–85 (Fla. 1st DCA 2006). Contrast this with an earlier decision, where we held that when a claimant voluntarily dismisses his *entire case* pertaining to an accident date, no tolling operates at all "during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." *McBride v. Pratt & Whitney*, 909 So. 2d 386, 388 (Fla. 1st DCA 2005). To decide this appeal, we must address whether an employee's initial PFB—later voluntarily dismissed before the employer's acceptance of compensability or adjudication of any entitlement to compensation or medical benefits—continues to toll that limitation statute's running if, as part of that dismissal, the employee purports to leave pending his demand for attorney's fees. We hold that it does not.

I

First, the facts. On September 10, 2016, Daniel Murphy alleged that he injured his right knee as he stepped out of a garbage truck while working for the employer, Polk County. Murphy filed his initial PFB on January 11, 2017, seeking compensability for the September 2016 injury; making claims for disability benefits and medical benefits; and seeking penalties, interest, costs, and attorney's fees (the last category commonly referred to as "PICA"). The employer responded by denying compensability and denying Murphy's entitlement to any medical or disability benefits. On July 17, 2017, Murphy voluntarily dismissed without prejudice the PFB but asserted that "[e]ntitlement to and/or the amount of an attorney fee and taxable costs remain at issue." At the time of this dismissal, no other PFB was pending for the 2016 accident.

Almost two years later, on May 28, 2019, Murphy filed a second PFB regarding the same date of accident, this one making a claim for permanent disability benefits from June 20, 2018,

forward, plus PICA. The employer responded by denying that Murphy was entitled to the claimed benefits and asserting a statute-of-limitation defense. On November 22, 2019, the employer asked the judge of compensation claims ("JCC") to require Murphy to file a verified motion for attorney's fees and costs relating to the January 11, 2017, PFB. *See* Rule 60Q-6.124(3), (5), Fla. Admin. Code. The JCC granted that request. After Murphy failed to file any such motion, the JCC dismissed the remaining demand for fees and costs on April 29, 2020.

Meanwhile, the May 28, 2019, PFB was still pending. Then on September 25, 2020, Murphy filed a third PFB for the same date of accident, this time making a claim for medical benefits (medical care and a change of physician). The employer responded to the second and third PFBs by once again denying Murphy's entitlement to any benefits and asserting the claims were time-barred. On April 14, 2021, Murphy voluntarily dismissed the May 28, 2019, and September 25, 2020, PFBs. The dismissal indicated that all claims for medical benefits, plus the claims for permanent impairment benefits sought in the May 28, 2019, PFB, had been resolved. The dismissal also repeated Murphy's purported reservation on his demand for attorney's fees, as was done in the voluntary dismissal of the first PFB, noting that "[e]ntitlement to and/or the amount of attorney fee and taxable costs remain [at] issue."

Murphy filed a fourth PFB for the same date of accident on July 14, 2021. Like in the first PFB, Murphy sought a determination of compensability, made claims for temporary total or temporary partial disability benefits and for medical benefits (medical care authorization), and demanded PICA. The JCC dismissed the fourth and final PFB on August 18, 2022—solely based on the limitation period barring any claim for the September 2016 accident. This is the order we now review.

The chronology described above can be summed up as follows:

- September 10, 2016: Murphy alleges that he suffered a work-caused injury.

- January 11, 2017: Murphy files his first PFB, seeking a determination of compensability for the alleged injury,

3

making claims for disability benefits and medical benefits (medical care), and demanding PICA.

- January 25, 2017: The employer responds by denying compensability and denying Murphy's entitlement to medical benefits or compensation.

- July 17, 2017: Murphy voluntarily dismisses without prejudice his first PFB but asserts that his entitlement to attorney's fees and taxable costs remains at issue.

- May 28, 2019: Murphy files a second PFB, making a claim for permanent disability benefits from June 20, 2018, forward, and demanding PICA.

- June 20, 2019: The employer responds by denying Murphy's entitlement to any of the claimed benefits and asserting a statute-of-limitation defense.

- November 22, 2019: The employer moves for a JCC order compelling Murphy to file a verified motion for attorney's fees related to the January 11, 2017, PFB.

- December 13, 2020: The JCC orders Murphy to file a verified motion for attorney's fees ("addressing entitlement only") within thirty days.

- April 29, 2020: The JCC dismisses with prejudice Murphy's demand for attorney's fees related to the January 11, 2017, PFB.

- September 25, 2020: Murphy files a third PFB, making claims for medical benefits (medical care and a change of physician).

- October 6, 2020: The employer responds by again denying Murphy's entitlement to benefits and asserting the limitation statute has run.

- April 14, 2021: Murphy voluntarily dismisses his second and third PFBs but again asserts that his entitlement to attorney's fees and costs remains at issue.

4

- July 14, 2021: Murphy files a fourth PFB, seeking a determination of compensability, making claims for temporary total or temporary partial disability benefits and for medical benefits (medical care authorization), and demanding PICA.

- August 18, 2022: The JCC dismisses the fourth PFB because the limitation period had run on any claim for benefits for the September 2016 date of accident.

## II

As typically is the case in a compensation appeal, we are called upon to apply statutory text to a set of procedural facts. We have here two statutes to consider: section 440.19, Florida Statutes, containing both the statute of limitation and the relevant tolling provision; and section 440.192, Florida Statutes, governing PFBs.

## A

A PFB must be "filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment," otherwise the PFB is "barred." § 440.19(1), Fla. Stat.; *cf. Solar Pane Insulating Glass, Inc. v. Hanssen*, 727 So. 2d 961, 963 (Fla. 1st DCA 1998) ("The limitations period does not begin to run, however, until an injured employee is aware that he or she may be entitled to compensation benefits."). A claim, once filed, "stays pending until withdrawn by claimant, or acted upon, or dismissed." *Turner v. Keller Kitchen Cabinets, S., Inc.*, 247 So. 2d 35, 40 (Fla. 1971).

The filing of a PFB meeting the law's specificity requirements[2] tolls the two-year limitation period while the PFB is pending. *See*

---

[2] Those specificity requirements include the following: "[a] detailed description of the injury and cause of the injury"; "[t]he time period for which compensation and the specific classification of compensation were not timely provided"; a "specific statement of all benefits or compensation that the employee is seeking"; "[t]he type or nature of treatment care or attendance sought and the justification for such treatment"; and a "[s]pecific explanation of

5

§ 440.19(3), Fla. Stat.; *see Airey v. Wal-Mart/Sedgwick*, 24 So. 3d 1264, 1265 (Fla. 1st DCA 2009) ("A properly drafted petition for benefits tolls the statute of limitations as long as it remains pending."). "[T]olling focuses directly on limitation periods and interrupting the running thereof." *Hearndon v. Graham*, 767 So. 2d 1179, 1185 (Fla. 2000). It "suspend[s] the running of the statute of limitations time clock until the identified condition is settled." *Hankey v. Yarian*, 755 So. 2d 93, 96 (Fla. 2000). Under section 440.19(3), a timely filed, legally compliant PFB stops any further time in the two-year limitation period from elapsing and being "counted against the claimant" for as long as the PFB remains pending and awaiting adjudication. *Id.* at 97 (internal quotations omitted); *see also id.* (noting that when a tolling event occurs, the limitation "clock stops until the tolling period expires," at which point the limitation clock "then begins to run again" (internal quotations omitted)). A subsequent PFB—filed while an earlier, timely filed PFB remains pending—also is timely, then, even if filed more than two years after the accidental injury occurs, because its filing occurred while the limitation period remained suspended.

As noted in the introduction, with regard to the application of the limitation period set out in section 440.19(3), this court has said that when a claimant files multiple PFBs for the same date of accident, as long as "at least one petition [remains] pending at all times between the filing of the first petition and the hearing on the last petition filed," the voluntary dismissal of the earlier, timely filed PFB does not render the later-filed PFBs untimely. *Rice*, 924 So. 2d at 884–85. If, however, there is a period of time when no PFB is pending (rendering the entire "action" effectively

---

any other disputed issue that a judge of compensation claims will be called to rule upon." § 440.192(2), Fla. Stat.; *see also* § 440.02(40), Fla. Stat. (defining "specificity" to mean enough information "to put the employer or carrier on notice of the exact statutory classification and outstanding time period of benefits being requested"; and if seeking medical benefits, the PFB must "include specific details as to why such benefits are being requested, why such benefits are medically necessary, and why current treatment, if any, is not sufficient").

dismissed)—the limitation statute is "not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed." *McBride*, 909 So. 2d at 388.

Murphy filed his second PFB more than two years after the pertinent accident, so it would be time-barred unless the first PFB remained pending. To support his request that we vacate the JCC's order, Murphy relies on *Rice*—arguing that he did not fully dismiss the first PFB (and, effectively, the entire "action" regarding his date of accident) because he left his demand for fees pending.[3] This argument requires us to answer a previously unanswered question: whether Murphy's initial PFB, as a legal matter, can be said to have remained pending—thereby continuing to toll the limitation period—even though he voluntarily dismissed his

---

[3] Murphy also argues that the JCC erred by relying on this court's later decision in *Moise v. Disney Pop Century Resort*, 244 So. 3d 403 (Fla. 1st DCA 2018). On this, we agree. *Moise* is distinguishable from both this case and *Rice*. By its own terms, *Moise* addressed "the interaction of sections 440.19 and 440.25(4)(i)," Florida Statutes—the tolling effect of a timely filed PFB vis-à-vis a PFB filed after the former PFB is subject to a motion to dismiss for failure to prosecute. 244 So. 3d at 407; *see* § 440.25(4)(i), Fla. Stat. ("A judge of compensation claims may, upon the motion of a party or the judge's own motion, dismiss a petition for lack of prosecution if a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown."). *Moise* simply holds that if the JCC grants the motion to dismiss the earlier, timely filed PFB, and the order becomes final, a PFB filed subsequent to the motion, but before the JCC's ruling on it, will be "*retroactively* barred by operation of the" statute of limitation if the subsequent PFB would have been untimely if not for the pending claim "against which the motion to dismiss had been filed." *Moise*, 244 So. 3d at 406. We do not have that situation here. The employer filed a motion, under rule 60Q-6.124(5) of the Florida Administrative Code, regarding Murphy's failure to seek a ruling on his purportedly reserved demand for attorney's fees and costs related to the January 11, 2017, PFB—*after* Murphy filed his second PFB.

request for a compensability determination, his claims for medical benefits and for compensation, but not his demand for attorney's fees.[4] To address this question, we turn to section 440.192.

B

A PFB is the statutory vehicle by which an employee may claim "past benefits and continuing benefits in any *benefit category*." § 440.192(3), Fla. Stat. (emphasis supplied). But any benefit sought must be "in default and ripe, due, and owing *on the date the petition is filed*." *Id.* (emphasis supplied); *see also id.* (1) ("Any employee may, for any benefit that is ripe, due, and owing, file . . . a petition for benefits which meets the requirements of this section and the definition of specificity in s. 440.02.").

Under the workers' compensation regime, benefits fall into two categories: 1) compensation for disability or death; and 2) medical and attendant care. *See* § 440.015, Fla. Stat. ("It is the intent of the Legislature that the Workers' Compensation Law be interpreted so as to assure the quick and efficient delivery of *disability and medical benefits* to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." (emphasis supplied)); § 440.10(1)(a), Fla. Stat. (making employers liable for "the compensation payable under ss. 440.13, 440.15, and 440.16," Florida Statutes—that is, medical treatment and attendant care

---

[4] Contrary to what the concurring opinion suggests, this court did not answer the precise question in *American Airlines Group v. Lopez*, 388 So. 3d 843 (Fla. 1st DCA 2024). *Lopez* addressed a related question: whether a reservation on fees (albeit unclear whether the reservation was under a settlement or adjudication of the claim) was a tolling event under section 440.19(2). The court in that case engaged in a straightforward textual analysis to conclude that the reservation was neither the provision of medical care nor the payment of an indemnity benefit (the only two specified tolling events in that provision), so the answer was no. Here, we address the effect—if any—on the timeliness of subsequently filed PFB's when a claimant decides to leave pending his demand for fees on an earlier, timely filed PFB while dismissing his claims for benefits under that PFB.

and disability and death benefits); § 440.02(7), Fla. Stat. (defining "compensation" to be "the money allowance payable to an employee or to his or her dependents as provided for in this chapter"); *cf. Lopez*, 388 So. 3d at 845 (noting "two clearly defined types of benefits: indemnity benefits, governed by section 440.15 of the Florida Statutes; and remedial treatment, care, or attendance, governed by section 440.13").

It is clear from the referenced statutory provisions that an award of attorney's fees is neither of these forms of benefits (*i.e.*, neither indemnity nor medical treatment)—so, not benefits at all under this state's compensation regime. Indeed, this court repeatedly has stated this. *See Houston-Miller v. U.S. Fire Ins.*, 668 So. 2d 653, 653 (Fla. 1st DCA 1996) (holding "that the payment of an attorney's fee to the claimant's attorney is not the 'payment of compensation'"); *Sanchez v. Am. Airlines*, 169 So. 3d 1197, 1198 (Fla. 1st DCA 2015) (noting, in the context of a similar tolling provision in section 440.19(2), that "it is well-settled that the payment of an attorney's fee is neither a payment of compensation nor the furnishing of medical treatment," which are the only "two categories of benefits provided to a claimant" under chapter 440); *Lopez*, 388 So. 3d at 845 (noting that the payment of attorney's fees is "neither of these" benefits categories).

Despite the language in statute distinguishing an employee's demand for attorney's fees from a claim for benefits, Murphy maintains that his reservation on his entitlement to attorney's fees in the voluntary dismissal of the January 11, 2017, PFB kept that PFB pending. An employee's entitlement to attorney's fees, however, is merely derivative of his successful prosecution of a claim for benefits set out in a PFB before a JCC. *See* § 440.34(3), Fla. Stat.; *see also Morgan v. Am. Airlines*, 296 So. 3d 565, 566 (Fla. 1st DCA 2020) (explaining that it must be the attorney's "successful prosecution" of the employee's PFBs "that achieved the [employer's] acceptance and payment of her claims" for there to be an entitlement to fees under section 440.34, Florida Statutes); *Franco v. SCI at Palmer Club at Prestancia*, 989 So. 2d 709, 710 (Fla. 1st DCA 2008) ("Successful prosecution is achieving 'acceptance and payment of the claim.'" (quoting *Mitchell v. Sunshine Cos.*, 850 So. 2d 632, 633 (Fla. 1st DCA 2003))).

As with a prevailing-party fee provision in civil litigation, a demand for fees under section 440.34 is "ancillary to the claim" for benefits. *Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987). Put another way, a demand for fees under section 440.34 is "collateral" to a PFB's claim for benefits and fee entitlement cannot be "determined until the main claims have been tried and resolved." *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986). "[P]ayment of attorney's fees is not part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation." *Cheek*, 511 So. 2d at 979. Once Murphy dismissed his January 11, 2017, PFB, there never was going to be a resolution or disposition of a claim for benefits that would give rise to an entitlement to the fees he still ostensibly was demanding. That remaining demand for attorney's fees in the otherwise dismissed PFB could not serve as a standalone basis to deem the PFB still pending for tolling purposes.

Murphy nevertheless relies heavily on this court's decisions in *Longley*[5] and *Black*.[6] Both cases deal with tolling and entitlement to attorney's fees after dismissal of a PFB, but those decisions are easily distinguishable. In both, the claims for medical benefits set out in the PFBs had been "resolved" by settlement, short of a final adjudication by the JCC. Once resolved, each employee's "ancillary" and "collateral" demand for attorney's fees no longer was inchoate. Rather, by the time the PFB was dismissed, the demand had ripened because each employee's attorney had secured medical benefits under the settlement, and the JCC had the authority to reach the entitlement question. *See Longley*, 82 So. 3d at 1100 (explaining that though the employee's asserted entitlement to attorney's fees was premised on the benefit he sought in a PFB that was dismissed as part of a settlement, the claim "was ripe at the time the benefit was provided" so as to be pending for tolling purposes); *Black*, 106 So. 3d at 973 (noting that

[5] *Longley v. Miami-Dade Cnty. Sch. Bd.*, 82 So. 3d 1098 (Fla. 1st DCA 2012).

[6] *Black v. Tomoka State Park*, 106 So. 3d 973 (Fla. 1st DCA 2013).

10

*Longley* was "analogous" and holding that the claimant's asserted entitlement to attorney's fees was still "pending," for tolling purposes, when not resolved, and not dismissed, as part of a settlement of the claim for medical benefits); *cf. Mitchell*, 850 So. 2d at 633 (explaining that an "attorney's efforts in obtaining . . . acceptance and payment of the claim" by the employer through settlement "constitutes a successful prosecution of the claim" and establishes "entitlement to an attorney's fee award").[7]

The dismissal by Murphy of his January 11, 2017, PFB was not taken in furtherance of a settlement achieved by his counsel—and, obviously, there had not been an adjudication of any benefits claim contained therein—so the fee demand remained "ancillary" and "collateral," but to a no-longer-extant claim for benefits. Murphy did not get any tolling benefit from that PFB, making the next PFB he filed—nearly two years after his dismissal of the first, and roughly two and a half years after the accident—time-barred.

AFFIRMED.

ROWE, J., concurs; M.K. THOMAS, J., concurs in result only with an opinion.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

—————————————

[7] Murphy also relies on *Hospitals East, LLC v. Hampton*, 330 So. 3d 565 (Fla. 1st DCA 2021). That decision is inapt because it merely concludes that once the JCC adjudicates the *entitlement* to fees—the claim just discussed, and as addressed by both *Longley* and *Black*—an open question as to the amount of fees does not keep the PFB pending for tolling purposes. *See Hosps. E.*, 330 So. 3d at 566.

11

M.K. Thomas, J., concurring in result only with opinion.

The JCC correctly dismissed the fourth PFB, and the order should be affirmed. My reasoning behind affirmance, however, differs from that of the majority.

Here, the only question before us is whether the fourth PFB was timely filed pursuant to section 440.19, Florida Statutes, which sets forth the statute of limitations (SOL) in workers' compensation cases. We are not confronted with the pure question of whether a sole pending claim in a PFB for *entitlement* to attorney's fees and costs tolls the SOL.[1] If the question were before us, as the majority argues, the answer is "no" as required by this Court's opinion in *American Airlines Group v. Lopez*, 388 So. 3d 843 (Fla. 1st DCA 2024).

Development of caselaw addressing the relationship between pending attorney's fee claims and the SOL has been a serpentine path, at best. The intricate and unique factual and procedural backdrops of each case result in narrow holdings. To qualify relevant precedent and recognize what specifically has come before, a review is helpful. In *McBride Pratt & Whitney*, 909 So. 2d 386, 388 (Fla. 1st DCA 2005), this Court held that if there is no PFB pending—the limitation statute is "not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed."

Then in *Rice v. Reedy Creek Improvement District*, 924 So. 2d 882, 884–85 (Fla. 1st DCA 2006), the application of *McBride* was addressed in the context of a claimant filing multiple PFBs subsequently voluntary dismissing them. *Rice* declared that pursuant to section 440.19(2), when a claimant files multiple PFBs for the same date of accident, as long as "at least one petition [remains] pending at all times between the filing of the first petition and the hearing on the last petition filed," the voluntary

---

[1] I note this Court's recent opinion in *Fox v. Sarasota Cnty. Sch. Bd.*, No. 1D23-3093, 2025 WL 1750735 (Fla. 1st DCA June 25, 2025), holding "JCCs have no jurisdiction over E/C-paid claimant's costs."

dismissal of the initial PFB does not render the later-filed PFBs untimely. *Id. Rice* did not address the issue of pending claims for fee entitlement or amount as distinguishing factors—it addressed only a scenario where a claimant filed and later voluntarily dismissed PFBs while always leaving at least one PFB pending.

In *Longley v. Miami-Dade County School Board*, 82 So. 3d 1098, 1100 (Fla. 1st DCA 2012) and *Black v. Tomoka State Park*, 106 So. 3d 973, 974 (Fla. 1st DCA 2013), this Court held that a PFB filed before the resolution of a pending claim for entitlement to attorney's fees was not barred by the SOL because the SOL does not operate while a PFB is pending. However, *Longley* and *Black* were later distinguished by *Sanchez v. American Airlines*, 169 So. 3d 1197, 1198 (Fla. 1st DCA 2015) and *Hospital East, LLC v. Hampton*, 330 So. 3d 565 (Fla. 1st DCA 2021).

This Court announced in *Sanchez* that the payment of attorney's fees does not toll the one-year limitations period. 169 So. 3d at 1198. It is only the payment of compensation or the furnishing of medical care that extend the SOL under subsection 440.19(2). *Id.* Recognizing a possible rub with prior precedent, the *Sanchez* opinion detailed, "This holding is not undercut by *Longley* . . . upon which Claimant relies. That decision held that a PFB filed before resolution of a pending attorney's fee claim is not barred by the [SOL] because the [SOL] does not operate while a PFB is pending. Here, because there was no other PFB pending when the [subject] PFB was filed, *Longley* is inapplicable." *Id.*

In *Limith v. Lenox on the Lake*, 163 So. 3d 616, 617 (Fla. 1st DCA 2015), an issue of how to force resolution of pending attorney's fee claims was presented. This Court held that where jurisdiction was reserved over entitlement to fees and costs, those fee and cost claims were subject to dismissal for lack of prosecution, reasoning, "Claimant cannot have it both ways—having the claim for attorney's fees and costs toll the statute of limitations because it was brought by way of a PFB, and also having the claim not subject to dismissal for lack of prosecution because it was not a PFB." *Id.*

Then the decision in *Hampton* announced a shift in analysis. *See* 330 So. 3d 565. *Hampton* considered an outstanding claim for amount of fees only and not entitlement. *Id.* at 566. This Court

13

explained, "On de novo review, we agree with the E/C that reservation over *amount* of fees and costs does not toll the statute of limitations, *because amount and entitlement are distinct for fees and costs.*" *Id.* (emphasis added) (citing *Sanchez*, 169 So. 3d at 1197 ("holding that payment of attorney's fee does not extend statute of limitations because 'the payment of an attorney's fee is neither a payment of compensation nor the furnishing of medical treatment—the only two events that will extend the statute of limitations under subsection 440.19(2)'")). The opinion reasoned as follows,

> This principle undergirds many aspects of statute of limitations law in workers' compensation. *Cf.* Fla. Admin. Code R. 60Q-6.124(3)(c), (5) (indicating that, where both fee entitlement and amount are contested, hearing can be bifurcated on request, and that JCC on motion "shall" require party seeking fees to file verified motion (alleging amount) if PFB seeking fee entitlement is pending, but "may" require party to do so if entitlement has already been determined); *Limith v. Lenox on Lake*, 163 So. 3d 616, 617 (Fla. 1st DCA 2015) (holding that where jurisdiction was reserved over *entitlement* to fees and costs, those fee and cost claims were subject to dismissal for lack of prosecution, reasoning, "Claimant cannot have it both ways—having the claim for attorney's fees and costs toll the statute of limitations because it was brought by way of a PFB, and also having the claim not subject to dismissal for lack of prosecution because it is not a PFB)".

*Hampton*'s distinction between amount and entitlement focused upon the E/C's ability to force resolution of outstanding fee entitlement issues through motion to the JCC under Florida Administrative Code Rule 60Q-6.124(5)(a). However, the rule does not provide for a mandatory resolution of pending claims for amount of attorney's fees but leaves it up to the discretion of the JCC. *See* Fla. Admin. Code R. 6.124(5)(b) ("The judge *may* require the party or attorney entitled to attorney's fees and costs to file a verified motion for attorney's fee and costs as to amount.").

Recognizing potential conflict with *Black* and *Longley*, the decision in *Hampton* emphasized that neither amount *nor entitlement* had been determined or adjudicated in those prior cases. *Id.* at 566. "Thus, the rule stated in *Black* does not apply to claims about the amount of attorney's fees or costs." *Id.* Although not specifically called out in *Hampton*, its holding invariably influenced *Rice*, which said generally as long as a claim is pending the SOL is tolled. Regardless, *Hampton* announced an exception to *Rice* that a pending claim for amount of attorney's fees does not toll the SOL. Ultimately, *Hampton* involved a pending claim for amount of fees when the subject PFB under attack was filed. *Id.* The question raised was whether the pending claim for amount saved the subject PFB from a SOL defense. *Id.* This Court answered "no" for the above reasons and barred the PFB even though claim for amount remained "pending." *Id.*

In *Moise* this Court specifically addressed "the interaction of sections 440.19 and 440.25(4)(i)."[2] 244 So. 3d at 407. Several prior claims for entitlement to and amount of fees had been reserved and were "pending." *Id.* at 404. To resolve the outstanding claims (probably for SOL purposes), the E/C filed a motion to dismiss the claims for lack of prosecution. *Id.* at 404–05. The JCC granted the motion and the claims were dismissed. *Id.* at 405. Pursuant to the dismissal, the claims were regarded as if never filed and the later filed PFB was rendered untimely and barred by the SOL. *Id.* at 406. If a pending claim which serves to toll the SOL is dismissed by any means, the SOL is not tolled during the period that the dismissed action was pending. *Id.* The reasoning in *Moise* was not inconsistent with *Rice*. *Rice* presented the novel issue of the interplay of the SOL and a dismissal for lack of prosecution and did not involve a claimant's voluntary dismissal of a PFB with reservation of jurisdiction solely on a pending claim for

---

[2] Section 440.25(4)(i), Florida Statutes, provides that a JCC "may, upon the motion of a party or the judge's own motion, dismiss a petition for lack of prosecution if a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown. A dismissal for lack of prosecution is without prejudice and does not require a hearing."

entitlement to or amount of attorney's fees. In *Rice* there was no reservation of claims for attorney's fee.

Last is this Court's recent and impactful opinion in *Lopez*. In *Lopez*, medical and indemnity benefits were last paid in November 2020. 388 So. 3d at 844. Two previous PFBs filed in 2020 were resolved except for reservation of jurisdiction for entitlement to fees. *Id.* However, the parties later resolved the pending fee entitlement claim via joint stipulation approved by the JCC in May 2021. *Id.* On December 1, 2021, the claimant filed a PFB (more than a year after the last payment of indemnity and medical) and later filed several others, subsequently voluntarily dismissing the December 2021 PFB. *Id.* Ultimately, the only remaining PFB was filed one year and six months after the last payment of benefits. *Id.* The E/C asserted the SOL as a defense. *Id.*

The JCC in *Lopez* described the controlling issue as "when does the time clock begin running for the statute of limitations, tolled because of a pending fee issue?" *Id.* at 845. This Court explained:

> The JCC's first error was to presume that reserving jurisdiction on a pending PFB for attorney's fees tolls the statute of limitations. It does not. Rather, it merely documents that the PFB remains pending because the fee issue is not yet resolved. Once the fee issue is resolved—whether by the JCC's approval of a fee and cost stipulation or denial for failure of proof, or the claimant's voluntary dismissal of the PFB—that pending status is extinguished.

*Id.* at 845. The JCC's finding that the SOL was extended during the pendency of the outstanding claims was reversed. *Id.* This Court further rejected the JCC's reasoning that attorney's fees and costs were a "benefit" and thus have a tolling effect. *Id.* at 845.

The *Lopez* decision provided a much-needed clarification of the differences and proper application of the concepts of "pending" and "tolling." *Lopez* artfully explained as follows:

16

"Pending" status of a PFB is an element of jurisdiction, while "tolling" is a separate legal doctrine that delays the time limits for pursuing or continuing a lawsuit. Section 440.19(2) specifies only two tolling events: "payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance." *Id.* On its face, this statute does not authorize tolling for either the pendency of a PFB or the payment of attorney's fees. For purposes of tolling under section 440.19(2), these are separate events and separate issues. Certainly the JCC had jurisdiction to resolve the fee issue, but once he did, all outstanding claims were resolved and the PFB was no longer pending. That did not toll the statute of limitations as to indemnity payment or remedial treatment.

*Id.* at 845 (citing *Moise*, 244 So. 3d at 404–07).

In the case before us, the E/C provided one or two medical visits just after the September 2016 accident and then denied compensability of the claim in its entirety. Murphy filed a PFB on January 11, 2017, requesting compensability and benefits, inclusive of penalties, interests, costs, and attorney's fees (PICA). Six months later, Murphy filed a voluntary dismissal of that PFB but reserved jurisdiction on entitlement and amount of fees due. On May 18, 2019, he filed a second PFB requesting compensability and benefits and PICA. The E/C asserted a SOL defense in response. On November 20, 2019, pursuant to Rule 60Q-6.124, the E/C filed a motion to compel Murphy to file a verified motion to resolve the outstanding fee claim pending from the initial January 2017, PFB. The JCC granted the motion and ordered Murphy to file the verified motion. Murphy did not. The JCC then entered an order dismissing the only pending claim in the initial PFB for entitlement to attorney's fees. Murphy did not appeal the order, and it became final. Murphy went on to file multiple subsequent PFBs and later voluntarily dismissed them with a reservation of claims for entitlement to attorney's fees. A fourth PFB was filed on July 14, 2021, the PFB at issue here. The E/C asserted a SOL defense. The JCC determined that the fourth PFB was barred by the SOL. He reasoned that after he entered the order dismissing the pending claim for entitlement to attorney's fees in the initial PFB all claims were resolved, and because that order was not

17

appealed, Murphy had until "sometime in September 2018 to file a valid PFB." The deadline period would have been two years after the date of accident and within two years of last provision of care. However, Murphy did not file the second PFB until May 28, 2019.

Based on *Moise* and similar to *Lopez*, the pending claim on the initial PFB in January 2017, once dismissed or resolved, is regarded as if never filed. Accordingly, there was no tolling effect on the SOL during the time the pending claim for entitlement to attorney's fees in the initial PFB was pending. Thus, the second PFB and all later filed PFBs (including the subject fourth PFB) did not revive the SOL period and were all untimely. Our review here does not require analysis of whether a pending claim for entitlement to attorney's fees tolls the SOL—because there was no pending claim for entitlement to attorney's fees when the second PFB was filed well over two years after the accident and any indemnity or medical benefits were provided. The JCC correctly held that the SOL barred the subject fourth PFB, because the SOL had run at the time of the filing of the second PFB.

I also respectfully disagree with the majority opinion's comparison of fees under section 440.34, Florida Statutes, to civil litigation fees as "ancillary to the claim." Further, the "inchoate" or "no-longer-extant" nature or label of a fee demand is inapposite to the SOL review. Whether the fee claim has merit or the claimant was a "prevailing party" has no bearing on the "pending" status of fee claim (because it is jurisdictional) or germane to the effect of a pending fee entitlement claim on the SOL.

———————————————

Thomas Sculco and Shannon McLin, Florida Appeals, Orlando, for Appellant.

Thomas P. Vecchio, Vecchio, Carrier, Feldman, & Johannessen, P.A., Lakeland, for Appellees.